**Roger Lavoy DODD, Appellant,**

v.

**Fannie Eugene Atkins DODD, Appellee.**

**No. 01–98–00593–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 16, 2000.

Roger Lavoy Dodd, Rosharon, for appellant.

John W. Williford, Jr., Huntsville, for appellee.

Panel consists of Chief Justice SCHNEIDER, and Justices ANDELL and DUGGAN.*

## OPINION

LEE DUGGAN, Jr., Justice (Retired).

Appellant, Roger Lavoy Dodd, an inmate of the Texas Department of Criminal Justice—Institutional Division, appeals from a judgment declaring void his purported marriage to appellee, Fannie Eu-

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

gene Atkins Dodd, and awarding title to property.

## I.

## Introduction

On December 28, 1996, appellant and appellee were ceremonially married. Subsequently, appellee discovered that appellant was already married to, and apparently not divorced from, Bernice Walters Dodd. Appellant had filed a divorce suit against Bernice in a Harris County district court before his marriage to appellee, but his suit was dismissed for want of prosecution on June 23, 1997. Appellee filed a petition to have her marriage to appellant declared void because of his existing marriage, and to have the trial court award each party title to the property then in his or her possession. Although appellant was incarcerated and did not attend the proceedings, he repeatedly requested in his pleadings and correspondence to the court to be bench warranted to attend the trial. The record indicates that the court never addressed appellant's request for a bench warrant, but simply noted in its judgment that appellant did not attend trial.

Following appellee's appearance and testimony at trial on April 30, 1998, the county court entered judgment finding that appellee's allegations (including the allegation that appellant was still married to someone else and that a trailer home in which appellant alleged an interest was paid for primarily by her funds) were materially correct, declaring her marriage to appellant void, and awarding each party the property then in his or her possession. The trailer home was in appellee's possession.

## II.

## Discussion

■ Many of appellant's 13 points of error assert arguments that are either irrelevant to the appeal or unsupported by relevant authorities or citations to the rec-

ord. They are therefore waived. *See* TEX. R. APP. P. 38.1(h); *Sisters of Charity of Incarnate Word v. Gobert,* 992 S.W.2d 25, 31 (Tex.App.—Houston [1st Dist.] 1997, no pet.).

■ Appellant urges several matters that are cognizable points of error on appeal. First, he challenges the legal sufficiency of the evidence to support the judgment declaring his marriage to appellee void, contending that the evidence does not show he was already married to someone else. We reject this contention. Appellant's own pleadings acknowledge his earlier marriage and recite, as a mitigating factor, that he had initiated a divorce action against Bernice in October 1996 and that he had been under the presumption that his "divorce was final" when he married appellee. Appellant does not argue, however, that he actually received a divorce in the prior action, and he acknowledges the order dismissing his divorce action. The evidence introduced included a certified copy of a judgment of dismissal for want of prosecution in appellant's divorce action against Bernice—issued months after appellant's marriage to appellee. The trial court did not err in declaring appellant's marriage to appellee was void. We overrule this point.

Among his other points of error are complaints that he should have been bench warranted to attend the trial and permitted to present evidence concerning title to a trailer home he claims as his separate property.

We first address appellant's assertion that the trial court erred and denied his right to due process by ignoring his requests for a bench warrant to attend his trial.

■ A trial court's decision to grant or deny a prisoner's bench warrant request is reviewed for abuse of discretion. *Pedraza v. Crossroads Sec. Systems,* 960 S.W.2d 339, 342 (Tex.App.—Corpus Christi 1997, no pet.); *Armstrong v. Randle,* 881 S.W.2d

53, 57 (Tex.App.—Texarkana 1994, writ denied).

A prisoner in Texas has a constitutional right of access to the courts, but only a qualified right to appear personally at a civil proceeding. *In re M.M.*, 980 S.W.2d 699, 701 (Tex.App.—San Antonio 1998, no pet.); *Pedraza*, 960 S.W.2d at 342; *Armstrong*, 881 S.W.2d at 56. In determining whether a personal appearance is warranted, "appellate courts have held that the trial court must balance, by considering various factors, the government's interest in protecting the integrity of the correctional system against the prisoner's right of access to the courts." *Nance v. Nance*, 904 S.W.2d 890, 892 (Tex.App.—Corpus Christi 1995, no writ). Key factors include whether an inmate is represented by counsel or is *pro se*, and whether the inmate is a civil defendant rather than a plaintiff. *See Armstrong*, 881 S.W.2d at 57; In *Pruske v. Dempsey*, 821 S.W.2d 687, 689 (Tex.App.—San Antonio 1991, no writ); *Nichols v. Martin*, 776 S.W.2d 621, 623 (Tex.App.—Tyler 1989, no writ). *Armstrong* noted that, in cases finding "error in the denial of an inmate's right to personally appear, the ruling was not based solely on the fact that the inmate was a [civil] defendant, but was based on additional reasons, *viz.*, the inmate had no lawyer, was proceeding pro se, or was denied the right to communicate with his lawyer, all of which effectively barred his access to the courts." *Armstrong*, 881 S.W.2d at 57–58. We therefore consider whether the trial court abused its discretion in failing to bench warrant appellant to attend trial without first making a finding on his bench warrant request and considering other methods to provide him access to the court.

The right of a prisoner to have access to the court entails not so much his personal presence as the opportunity to present evidence or contradict the evidence of the opposing party:

> Clearly all litigants who are forced to settle disputes through the judicial process have a fundamental right under the federal constitution to be heard at a meaningful time in a meaningful manner. *Boddie v. Connecticut*, 401 U.S. 371, 377–378, 91 S.Ct. 780, 785–86, 28 L.Ed.2d 113 (1971). The right to be heard includes *the opportunity to introduce evidence, to cross-examine witnesses, to be heard on questions of law and to have judgment rendered only after trial.*

*Nichols*, 776 S.W.2d at 623 (emphasis added). We agree with the analysis in *Nichols* that the critical inquiry is whether the prisoner can "be heard at a meaningful time in a meaningful manner" by the court. This right may be accomplished without the prisoner appearing in person. As the Beaumont Court of Appeals has suggested,

> Should the court find that the *pro se* plaintiff inmate in a civil action is not entitled to leave prison to appear personally in court, then the prisoner *should be allowed to proceed by affidavit, deposition, telephone, or other effective means.*

*Byrd v. Attorney General*, 877 S.W.2d 566, 569 (Tex.App.—Beaumont 1994, no writ) (emphasis added).

The *Byrd* court also noted that, from the appellate transcript, it could not determine that the trial court "ever ruled on appellant's request to appear at the ... hearing by way of a court ordered bench warrant," and found the trial court's failure to act on appellant's motion requesting a bench warrant constituted an abuse of discretion and required a reversal. *Id.* at 569.[1]

---

1. At least two other Texas appellate courts have held that the failure to issue a bench warrant constituted abuse of discretion in the circumstances represented there. In *Pruske*, an appellant who requested to appear personally had not initiated the suit, but merely sought to defend a claim for a money judgment. *Pruske*, 821 S.W.2d at 689 (Tex.App.—San Antonio 1991, no writ). The court noted his "predicament of being unable to hire a

In our case, the record does not reflect that the trial court addressed appellant's repeated requests for a bench warrant. The prisoner in *Byrd* was a civil plaintiff, not a defendant. *Id.* at 567. The facts are stronger in the instant case because appellant did not initiate the suit. Had the trial court addressed his request, it might have found that appellant was not entitled to appear; however, it might also have provided some safeguard such as a phone conference to provide appellant, who had no attorney, access to the court for the trial of a suit he did not initiate to assign disputed property claims.

■ Because appellant had a qualified right to appear in person at trial, and requested to do so, the trial court should have considered and ruled upon his request, making appropriate findings weighing his right to attend against factors including, among others, (1) the state's interest in preserving the integrity of the corrections system, (2) the appellant's status as a *pro se* civil defendant rather than a plaintiff, (3) alternate means for him to present and respond to evidence, and (4) the nature and circumstances of the claim. In failing to do so, the trial court abused its discretion.

■ In response to appellant's request to appear personally, the trial court should have (1) made findings as to the need for his presence in light of the issues raised by appellant's *pro se* defendant status, and (2) determined alternate means for him to present and respond to evidence.

Under these facts, we conclude the trial court abused its discretion. Because we sustain this point of error, we do not address appellant's other arguments.

We affirm the trial court's declaration that appellant's marriage to appellee is void. We reverse and remand that portion of the judgment dividing property.

---

lawyer to defend him and the further inability to appear in person and defend himself." *Id.* In reversing the trial court's judgment, the San Antonio court held:

> While we are not prepared to hold that Mr. Pruske has an absolute right to appear in person, we do hold that the trial court should, in these situations, directly address the issue by weighing the protection of the integrity of the correctional system against the prisoner's right of access to the courts and strike a balance that is fundamentally fair.

In *Nichols*, the appellate court addressed a situation in which the family court judge refused to appoint counsel for the appellant in a child custody dispute and also denied his request to appear personally and represent himself. *Nichols*, 776 S.W.2d at 622–23. The court observed that "whether denial of an appearance would foreclose a litigant's right to be heard at all" was particularly relevant in the trial court's inquiry as to whether a personal appearance is necessary. *Id.* at 623. The court granted a conditional writ of mandamus after commenting that, "[a]bsent substantial countervailing state justification, refusal to permit a pro se inmate to present his case would deny him due process." *Id.*