# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-02-00581-CV

Jim H. Hamilton, Jr., Appellant

v.

Crystal J. Campbell, Appellee

FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
NO. 01-2227-FC2, HONORABLE DON B. MORGAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jim Hamilton appeals from the county court at law's judgment in a suit to establish the parent-child relationship. In one issue on appeal, appellant complains that the county court at law erred in failing to consider and rule on his motion for bench warrant. We will reverse the judgment and remand the cause for further proceedings.

### Factual and Procedural Background

The attorney general filed suit to establish a parent-child relationship between appellant and his alleged biological daughter M.D.[1] Appellant, who was incarcerated and acting *pro se*, answered, stating his uncertainty about M.D.'s parentage. A DNA test showed a 99.9995 per cent probability that appellant was M.D.'s father. A pretrial order was signed by a court master on May

---

[1] The attorney general notified the office of the clerk of this Court that it no longer had any standing to participate in this cause, as it had assigned its interest in any child support collected to the child's biological mother. That assignment is reflected in a supplemental clerk's record.

23, 2002, establishing appellant's paternity and appointing M.D.'s biological mother as temporary managing conservator.[2] Appellant filed a "Motion for Bench Warrant or in the Alternative Motion for Hearing by Conference Call" on June 4, 2002. The motion specifically requested that should the court deny the bench warrant, it consider an alternative means for presenting evidence. The motion cited relevant cases. Appellant also submitted a proposed joint managing conservatorship order, a motion for pretrial conference, and a request for jury trial. Appellant filed a motion requesting that a court reporter record the proceedings; he objected to the use of an audio recording because the prison lacked tape recorders to review the tapes to prepare an appeal.[3] The bench trial was held on July 26, 2002, and resulted in the complained of order. Appellant requested findings of fact and conclusions of law but none were filed. On appeal, appellant complains that the failure to issue a bench warrant or consider alternative means of participation prevented him from meaningfully participating and presenting evidence on issues he contested. We will sustain appellant's issue.

## Discussion

### Bench Warrant

All litigants who are forced to settle disputes through the judicial process have a fundamental right under the federal constitution to be heard at a meaningful time in a meaningful

---

[2]    This order set the cause for a bench trial on the merits on July 26, 2002.

[3]    The final order in this cause resulted from a bench trial before Judge Don Morgan in County Court at Law No. 2, rather than from a hearing before a Title IV-D court master, as did the preliminary order. Such IV-D hearings are generally only tape recorded. *See In re B.R.G.*, 48 S.W.3d 812, 815 (Tex. App.—El Paso 2001, no pet.) (description of record issues in Title IV-D proceedings). We note that "unless excused by agreement of the parties" court reporters are to attend court sessions and make a full record of the proceedings. *See* Tex. R. App. P. 13.1. There was no record made of any hearing in this cause.

2

manner. *Hudson v. Palmer*, 468 U.S. 517, 523 (1984); *Boddie v. Connecticut*, 401 U.S. 371, 377-78 (1971). The right to be heard includes the opportunity to introduce evidence, to cross-examine witnesses, to be heard on questions of law, and to have a judgment rendered only after trial. *Jordan v. Jordan*, 653 S.W.2d 356, 358 (Tex. App.—San Antonio 1983, no writ).

An inmate in Texas has a constitutional right of access to the courts, but only a qualified right to appear personally at a civil proceeding. *Taylor v. Taylor*, 63 S.W.3d 93, 97 (Tex. App.—Waco 2001, no pet.); *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *Armstrong v. Randle*, 881 S.W.2d 53, 56 (Tex. App.—Texarkana 1994, writ denied); *Byrd v. Attorney General*, 877 S.W.2d 566, 569 (Tex. App.—Beaumont 1994, no writ). A key factor in deciding whether an inmate should be permitted to appear personally is whether the inmate is represented by counsel. *Armstrong*, 881 S.W.2d at 57; *Pruske v. Dempsey*, 821 S.W.2d 687, 689 (Tex. App.—San Antonio 1991, no writ). Other pertinent factors to consider include:

> (1) the cost and inconvenience of transporting the inmate to court; (2) the security risk and danger to the court and the public by allowing the inmate to attend court; (3) whether the inmate's claims are substantial; (4) whether a determination of the matter can reasonably be delayed until the inmate is released; (5) whether the inmate can and will offer admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise; (6) whether the inmate's presence is important in judging his demeanor and credibility compared with that of other witnesses; (7) whether the trial is to the court or to a jury; and (8) the inmate's probability of success on the merits.

*Armstrong*, 881 S.W.2d at 57 (citing *Stone v. Morris*, 546 F.2d 730, 735-36 (7th Cir. 1976)); *Byrd*, 877 S.W.2d at 569; *Brewer v. Taylor*, 737 S.W.2d 421, 423 (Tex. App.—Dallas 1987, no writ).

In addition to the above factors, courts have attached some importance to whether the prisoner initiated the lawsuit. *See Dodd*, 17 S.W.3d at 717-18; *Armstrong*, 881 S.W.2d at 57-58;

3

*Pruske*, 821 S.W.2d at 69. A prisoner's status as a defendant weighs in his favor on the issue of his right to personally appear at trial. *See Dodd*, 17 S.W.3d at 718. However, an inmate's status as a defendant standing alone will not generally suffice to establish his right to appear. *See Armstrong*, 881 S.W.2d at 57-58.

Should the trial court determine after considering these factors that the prisoner is not entitled to appear personally, then the court should permit him "to proceed by affidavit, deposition, telephone, or other effective means." *Taylor*, 63 S.W.3d at 97; *Dodd*, 17 S.W.3d at 717; *Byrd*, 877 S.W.2d at 569. In the absence of the trial court's consideration of a request to appear in person, there is nothing in the record to show that the trial court attempted to strike a fair balance between the integrity of the correctional system and an inmate's right of access to the courts. *See Zuniga v. Zuniga*, 13 S.W.3d 798, 801-02 (Tex. App.—San Antonio 1999, no pet.); *Pruske*, 821 S.W.2d at 689. A trial court's refusal to consider and rule on a prisoner's request to appear in a civil proceeding personally or by any other means constitutes an abuse of discretion. *Taylor*, 29 S.W.3d at 249; *Dodd*, 17 S.W.3d at 717-18; *Byrd*, 877 S.W.2d at 569.

*Analysis*

In this case, appellant requested a bench warrant to allow his personal appearance or that an alternative means, such as telephone participation, be considered. He had made regular, but not voluminous, filings in this cause, and kept the clerk's office apprised of any address changes. He included form orders with his motions. The record does not reflect any response to his motions, even to deny them. He complained in one filing of not receiving timely notification of events such as the pretrial hearing. There is no indication in the record that any consideration was given to the

4

motion for bench warrant. The failure to consider the bench warrant and make some finding as to its feasibility is an abuse of discretion. *See Taylor*, 29 S.W.3d at 249; *Byrd*, 877 S.W.2d at 569. Having found an abuse of discretion, we now consider the question of harm.

A review of the order and the clerk's record shows at least one significant due process problem—a matter is memorialized in the order that does not appear to have ever been raised in any of the pleadings on file. The only plaintiff's pleading in the record is on behalf of the attorney general's office. It is a standard form for establishing the parent-child relationship, determining conservatorship, and setting child support. However, in the section of the final order covering visitation, there is a handwritten notation on the order that the court found it in the child's best interest that appellant "have no contact whatsoever" with M.D. The order further specified that the address of the child and child's mother not be disclosed to appellant. There is nothing in the pleading or other document in the clerk's record to indicate that any issues concerning domestic violence were to be raised in the bench trial. Although we can ascertain from the record that appellant is in jail, the exact details surrounding his incarceration and whether those details were relevant to the court's decision are not part of the appellate record.

We find that appellant was harmed by the conduct of this hearing without his participation. Apparently allegations of abusive behavior were raised in this hearing and resulted in adverse consequences for appellant without appellant having notice or a meaningful opportunity to be heard.[4] Even without receiving advance notice of these allegations, had he been participating in the hearing he may have been able to rebut the allegations. Appellant attempted to protect the

---

[4]    The final order shows that M. D.'s biological mother attended the bench trial.

5

record. Although he was not required to request a reporter's record, he did so. The county court is not a court that functions without court reporters, as do the Title IV-D masters. Appellant was not at the hearing to protest the absence of a court reporter. Appellant has been deprived of a record without any fault on his part. As yet, he has no notice of why he has been prohibited from contacting his child, knowing her address, or knowing what other matters were raised before the judge. Accordingly, he has been prevented from presenting his case on appeal. *See* Tex. R. App. P. 44.1(a); *see also Taylor*, 63 S.W.3d at 98 (court's error in refusing to rule on request for bench warrant or provide alternative means of participation "plainly prevented" appellant from presenting case).

## Conclusion

Having found an abuse of discretion, we sustain appellant's issue. Having found harm, we reverse the county court at law's judgment and remand the cause for further proceedings in accordance with this opinion.

_____

Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Reversed and Remanded

Filed: June 19, 2003

6