In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00156-CR
______________________________


ANTONIO RODRICK LEWIS, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 31597-B


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Antonio Rodrick Lewis pled guilty to the offense of sexual assault, see Tex. Pen.
Code Ann. Â§ 22.011(a)(2)(A) (Vernon Supp. 2005), and submitted the issue of punishment
to the trial court. His crime, as charged, was a second degree felony. See Tex. Pen. Code
Ann. Â§ 22.01(f) (Vernon Supp. 2005); Â§ 12.33 (Vernon 2003) (second degree punishment
range). The trial court assessed Lewis' punishment at fifteen years' imprisonment.
Â Â Â Â Â Â Â Â Â Â On appeal, Lewis contends his sentence is excessive and disproportionate. Before
we can address this issue on the merits, it must be preserved for our review. In Jackson
v. State, 989 S.W.2d 842, 845 (Tex. App.âTexarkana 1999, no pet.), we held that a
defendant is required to raise in the trial court any objection he or she might have on the
ground of disproportionality. In this case, Lewis did not present this issue to the trial court
by any means, objection or otherwise. Nor did he file a motion for new trial, a procedure
Lewis could have used to present this issue for the trial court's consideration. Accordingly,
Lewis did not preserve the issue for appellate review. See Tex. R. App. P. 33.1(a); Alberto
v. State, 100 S.W.3d 528, 529â30 (Tex. App.âTexarkana 2003, no pet.); and cf.
Rodriguez v. State, 71 S.W.3d 778, 779 (Tex. App.âTexarkana 2002, no pet.); Jackson,
989 S.W.2d at 844.
Â 

Â Â Â Â Â Â Â Â Â Â We overrule Lewis' sole point of error and affirm the trial court's judgment.



Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â November 14, 2005
Date Decided:Â Â Â Â Â Â Â Â Â November 16, 2005

Do Not Publish



y
present at "any and all proceedings" (emphasis added) involving J.D.S. We interpret this as a valid
request to be present at his termination hearing. 

 The parent-child relationship is recognized and protected by law to such a degree that it is
of federal constitutional dimensions. Santosky v. Kramer, 455 U.S. 745, 758-59 (1982) (holding that
the parent-child relationship is "far more precious than any property rights"). The termination of
parental rights is final and ends all legal ties between the parent and child, except the child's right
of inheritance. Tex. Fam. Code Ann. § 161.206(b); Holick v. Smith, 685 S.W.2d 18, 20 (Tex.
1985). Because termination of parental rights is such a drastic remedy and is of such weight and
gravity, due process requires the petitioner to justify termination by a heightened burden of proof of
"clear and convincing evidence." See Tex. Fam. Code Ann. Â§Â 161.001. Appellate courts must
carefully scrutinize judgments terminating the parent-child relationship because of the importance
of the relationship. In re K.R., 63 S.W.3d 796, 800 (Tex. 2001). The absence of a parent at the trial
to terminate his or her parental rights is prejudicial to the parent. The parent's absence could leave
the fact-finder with the impression that the proceeding is not important to the parent. Furthermore,
because of the obvious negative connotations associated with a parent who is incarcerated, it is
important for the fact-finder to witness the demeanor and credibility of the parent. In short, the
presence, or nonpresence, of the parent in the courtroom at his or her termination hearing is vital to
the fact-finder's decision to terminate a parent's rights to his or her child. 

 Having concluded Sessums made a valid request to be present at his termination hearing, we
then review the trial court's decision to deny his request for an abuse of discretion. In re I.V., 61
S.W.3d 789, 797 (Tex. App.-Corpus Christi 2001, no pet.).

 A prisoner has a constitutional right of access to the courts and may not be denied access
merely because he is an inmate. Id. at 796; see Hudson v. Palmer, 468 U.S. 517, 523 (1984);
Armstrong v. Randle, 881 S.W.2d 53, 56-57 (Tex. App.-Texarkana 1994, writ denied). But the right
of access is not absolute; it is a qualified right. In re Z.L.T., 82 S.W.3d 100, 101 (Tex. App.-San
Antonio 2002, no pet.); In re B.R.G., 48 S.W.3d 812, 819 (Tex. App.-El Paso 2001, no pet.).

 In determining whether an inmate should personally attend civil court proceedings, the trial
court must balance the interest of the State in preserving the integrity of the correctional system with
the inmate's interest in access to the courts, with a goal of achieving a balance that is fundamentally
fair. Dodd v. Dodd, 17 S.W.3d 714, 717 (Tex. App.-Houston [1st Dist.] 2000, no pet.). Factors to
consider in weighing these two interests include, but are not limited to: (1) the cost and
inconvenience of transporting the inmate; (2) the security risk presented by the inmate; (3) the
substance of the matter; (4) the need for witnessing the inmate's demeanor; (5) whether the trial is
before the jury or judge; and (6) the possibility of delaying trial until the inmate is released. I.V., 61
S.W.3d at 796. 

 Acting on a request by summarily denying the request without weighing the State's interest
against an inmate's interest is also an abuse of discretion. See In re D.S., 82 S.W.3d 743, 746 (Tex.
App.-Corpus Christi 2002, no pet.) (the trial court must weigh the interest of the plaintiff in
presenting his or her testimony in person against the interest of the State in maintaining the
confinement of the prisoner); see also I.V., 61 S.W.3d at 797. 

 Because Sessums' right to be present during court proceedings was a qualified right, the trial
court should have weighed the relevant factors and had a reason for denying a bench warrant before
it decided not to allow him to participate in person at the hearing. See B.R.G., 48 S.W.3d at 819-20
("If, after considering these factors, the trial court determines that the prisoner is not entitled to
appear personally, then the trial court should permit him to proceed by affidavit, deposition,
telephone, or other effective means."); see also Nichols v. Martin, 776 S.W.2d 621, 623 (Tex.
App.-Tyler 1989, no writ) (concluding the trial court must make pertinent inquiries regarding an
appellant's request to appear); cf. Nance v. Nance, 904 S.W.2d 890, 892 (Tex. App.-Corpus Christi
1995, no writ) (the order reflects various findings demonstrating that the trial court did not arbitrarily
refuse to issue the requested bench warrant). The record does not show that the trial court considered
any relevant factors, but rather merely denied Sessums' request. The trial court's decision not to
weigh any relevant factors was an abuse of discretion. 

 Sessums' first point of error is sustained, and the judgment is reversed and the cause is
remanded to the trial court for a new trial. See Tex. R. App. P. 44.1; Taylor v. Taylor, 63 S.W.3d
93, 98 (Tex. App.-Waco 2001, no pet.).




 Jack Carter

 Justice


Date Submitted: July 11, 2003

Date Decided: July 17, 2003
1. Because the bench warrant issue is dispositive in this case, we do not reach the merits of
Sessums' other points of error. However, with regard to Sessums' second point of error-his claim
of ineffective assistance of counsel-we recognize that the Texas Supreme Court recently held that
a parent has a constitutional right to effective assistance of counsel in parental termination cases. 
See In re M.S., No. 02-0509, 2003 Tex. LEXIS 108, at *26-29 (July 3, 2003).
2. All further references to "Sessums" are to Larry Sessums, Jr., unless otherwise stated.