# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00779-CV

**Ulysses Sinai Lopez, Appellant**

**v.**

**Max Kushner and Sara Kathryn Kushner, Appellees**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
### NO. B-05-0203-J, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this accelerated appeal, Ulysses Sinai Lopez appeals pro se from a judgment terminating his parental rights to his child, S.A.L., and granting S.A.L.'s adoption by a stepparent.[1] *See* Tex. Fam. Code Ann. §§ 102.005, 161.001(1), 162.001(b) (West Supp. 2007).[2] Lopez raises various procedural issues but does not challenge the sufficiency of the evidence. For the reasons that follow, we affirm the judgment.[3]

---

[1] Lopez filed his notice of appeal more than twenty days after the judgment was signed, but the notice was filed within the fifteen-day grace period and Lopez filed a motion to extend the deadline for filing. *See* Tex. R. App. P. 26.1(b), 26.3. We grant the motion and extend the deadline for filing his notice of appeal.

[2] We cite the current version of the applicable statutes throughout the opinion unless substantive changes to the applicable statute were made to issues relevant to the appeal.

[3] Lopez also filed a motion to strike appellees' brief on appeal on the ground that it contains an attack on a fellow prisoner who assisted Lopez in the preparation of his brief. We do not construe appellees' argument as an attack on Lopez or his fellow prisoner but we disregard any factual matters

S.A.L., the child who is the subject of this suit, was born to Sara Kathryn Kushner and Lopez on December 26, 1997. At the time of their divorce in January 2004, Sara Kathryn was named sole managing conservator and Lopez was named possessory conservator. Sara Kathryn married Max Kushner in May 2005, and S.A.L. has resided with them since that date. The couple has a two-year-old daughter who also resides with them.

On May 12, 2005, following a jury trial, Lopez was convicted of two counts of aggravated sexual assault of a child and sentenced to thirty-one years' confinement in the Texas Department of Criminal Justice, Institutional Division, where he remains confined. He was accused of molesting a child from the approximate age of ten until she was thirteen. The convictions were affirmed in 2006 and Lopez's petition for discretionary review was dismissed as untimely in January 2007.[4] As part of the judgments, Lopez was ordered to comply with sex offender registration requirements. The court found that his confinement would be in excess of two years. *See* Tex. Fam. Code Ann. § 161.001(1)(Q).

On August 5, 2005, Sara Kathryn and Max Kushner filed a petition for termination and adoption, requesting that Lopez's parental rights be terminated and that Max Kushner be permitted to adopt S.A.L. As grounds for termination, the Kushners alleged that Lopez (i) engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangers the physical or emotional well-being of the child; (ii) failed to support the child in accordance with his

raised for the first time in the briefs on appeal, considering only those factual matters already in the record. We, therefore, overrule the motion.

[4] *Lopez v. State*, No. 05-05-00881-CR, 2006 Tex. App. LEXIS 2548 (Tex. App.—Dallas March 30, 2006, pet. ref'd) (not designated for publication), *appeal dismissed*, No. PD-1227-6, 2007 Tex. Crim. App. LEXIS 29 (Tex. Crim. App. Jan. 10, 2007).

2

ability during a period of one year ending within six months of the date of the filing of the petition; and (iii) knowingly engaged in criminal conduct that resulted in his conviction of an offense and confinement or imprisonment and his inability to care for the child for not less than two years from the date the petition was filed. *See id.* § 161.001(1)(E), (F), (Q). Lopez appeared pro se, filing an answer and various motions.[5]

In September 2006, the termination and adoption proceeding was tried before the court. Lopez participated in the hearing by telephone. After hearing the evidence, including Lopez's testimony by telephone and Kushner's testimony, the judge found by clear and convincing evidence that Lopez knowingly engaged in criminal conduct that resulted in his conviction of an offense and his imprisonment and inability to care for S.A.L. for not less than two years from the date of filing of the petition, that termination of the parent-child relationship between Lopez and S.A.L. was in the child's best interest, and that Kushner's adoption of S.A.L. was in the child's best interest.

The trial court terminated the parent-child relationship and granted the adoption by Kushner. *See id.* § 161.001(1)(Q). In its order, the court found by clear and convincing evidence that Lopez had been incarcerated since April 2004 and convicted on two separate counts of aggravated sexual assault against a child for which he was sentenced to thirty-one years on both counts, that he would be confined and unable to care for S.A.L. for not less than two years from the

---

[5] Lopez is before this court pro se. We are obligated to construe the rules of appellate procedure reasonably, yet liberally, so that the right to appeal is not lost. *See In re Baby Boy R.*, 191 S.W.3d 916, 921 (Tex. App.—Dallas 2006, pet. denied). Likewise, we are obligated to liberally construe the points raised in Lopez's brief. *See Anderson v. Gilbert*, 897 S.W.2d 783, 784 (Tex. 1995). However, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005).

date of filing of the petition, that termination of the parent-child relationship between Lopez and S.A.L. would be in the child's best interest, and that adoption by Kushner would be in S.A.L.'s best interest. This appeal followed.

## DISCUSSION

Following his conviction in May 2005, Lopez continued to be confined in prison, and the petition for termination was filed in August 2005. Texas Family Code section 161.001(1)(Q) provides that a trial court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that the parent knowingly engaged in criminal conduct that has resulted in the parent's (i) conviction of an offense, and (ii) confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition. *Id.* The evidence is clear and convincing when the proof is such that it produces in the mind of the trier of fact a firm belief or conviction of the truth of the allegations sought to be established. *In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002). The family code permits a termination and adoption proceeding to be combined as here. Tex. Fam. Code Ann. §§ 102.005, 162.001(b). The court must make separate findings that the termination is in the best interest of the child and that the adoption is in the best interest of the child. *Id.* § 162.016 (West 2002).

In nine issues, Lopez challenges various procedural aspects of the proceeding. Except to urge at the time of his final hearing that he was hopeful to overturn his convictions on appeal, Lopez does not challenge the court's findings that he was convicted on two counts of aggravated sexual assault against a child for which he received thirty-one year sentences, and that he would be confined for not less than two years from the date of petitioners' filing of the petition.

4

Apart from the jurisdictional issue raised, the standard of review for the remaining issues is whether the trial court abused its discretion. The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). The fact that the trial court decided the issue differently than the reviewing court would have does not indicate an abuse of discretion. *Id*. Nor does a mere error in judgment rise to such a level. *Id*.

### Jurisdiction

Lopez first contends that the trial court did not have jurisdiction because at the time of the hearing, the Kushners were living in Hawaii where Kushner was serving in the United States Air Force. In a termination and adoption proceeding, and in the absence of continuing jurisdiction in another court, a court has jurisdiction in the county of the child's residence. *See* Tex. Fam. Code Ann. §§ 103.001, 155.001 (West 2002). In their petition, the Kushners alleged that the court had acquired and retained continuing, exclusive jurisdiction of the suit and of the child as a result of prior proceedings. Kushner testified that, at the time the petition was filed, the child that was the subject of the petition, and the Kushners were residing in Tom Green County and had been residing there since February 2005. The court found that it had jurisdiction and that no other court had continuing, exclusive jurisdiction of the case. The record reflects Lopez's challenge is without merit. We overrule Lopez's first issue.

*Interviewing the Child*

Lopez next urges that the trial court abused its discretion by failing to interview the child. Lopez contends that the court was statutorily required to interview S.A.L. and refused to do so. We disagree.

Section 153.009 of the family code provides for the interview of the child by the court in a nonjury trial. *Id.* § 153.009(a) (West Supp. 2007). That section specifies that the court "shall" interview in chambers a child twelve years or older and "may" interview a child under the age of twelve. At the time of the hearing, S.A.L. was eight years old. The court denied Lopez's motion for an interview, explaining,

> I may choose to interview the child if I feel I need to, if it's in the best interest of the child, but right now I am going to rule that I am not required to interview the child by law, but I may if I so decide to, okay?

Lopez does not show in what respect the court abused its discretion and we cannot say the trial court abused its discretion in denying Lopez's motion. We overrule Lopez's second issue.

*Recusal of Trial Judge*

Lopez argues on appeal that he moved to recuse Judge Gossett but that Judge Gossett "refused to recuse himself or obtain a ruling from another judge." On September 6, 2006, Lopez filed a motion seeking to recuse the trial judge. At the time Lopez filed his motion, he complained that the "sitting judge" in the proceedings was biased against him and sought his recusal. The "sitting judge" who had signed orders in his case on January 25 and March 20, 2006, prior to the final hearing, was Judge Woodward. At the beginning of the hearing on September 8, 2006,

6

Judge Gossett denied the motion to recuse, explaining that Judge Woodward would not be hearing the case and that Judge Gossett would hear the case. Lopez did not renew his motion as to Judge Gossett and the record does not show any reasons given or grounds for recusal.[6] We overrule Lopez's third issue.

***Request for Jury Trial***

Lopez contends in his fourth issue that the trial court abused its discretion by denying his request for a jury trial. Texas Rule of Civil Procedure 216 provides that a request for a jury trial must be in writing and filed a reasonable time before the date set for trial of the cause, "but not less than thirty days in advance." Tex. R. Civ. P. 216(a).

By order dated June 6, 2006, the final hearing was reset for July 7. On June 22, Lopez moved to reset the date of the hearing from July 7 until August 7 or thereafter. On July 6, the court reset the hearing for September 8, 2006. Despite the continuances, Lopez did not file a motion for jury trial until September 6, 2006, two days prior to the final hearing. Because this request was untimely, the trial court did not abuse its discretion in denying the motion. Lopez's fourth issue is overruled.

---

[6] Following the hearing, on October 17, 2006, Lopez filed a motion to recuse Judge Gossett for requiring him to appear by telephone and for the conduct of the hearing. A judge may be recused where the judge's impartiality might reasonably be questioned. Tex. R. Civ. P. 18b(2)(a). Other than ruling against him at the September 8 hearing, Lopez does not state the basis for his request for recusal.

*Appearance by Telephone*

Lopez does not challenge the decision of the trial judge to decline to grant a bench warrant allowing him to appear in court. *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). Rather, he complains that the trial court did not allow him to participate fully in the hearing and that he was excluded from the hearing after he testified.

Litigants cannot be denied access to the courts simply because they are inmates. *See Hudson v. Palmer*, 468 U.S. 517, 523 (1984); *In re Z.L.T.*, 124 S.W.3d at 166 (holding inmate does not have an absolute right to appear in person in every court proceeding). A prisoner in Texas has a constitutional right of access to the courts, but only a qualified right to appear personally in a civil proceeding. *Dodd v. Dodd*, 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.), *disapproved on other grounds*, 124 S.W.3d 163, 166 (Tex. 2003). If an inmate is not allowed to participate in a proceeding in person, particularly if the merits can be determined without his presence, a trial court should afford the inmate the opportunity to proceed by affidavit, deposition, telephone, or other effective means. *In re Buster*, 115 S.W.3d 141, 144 (Tex. App.—Texarkana 2003, no pet.); *In re Taylor*, 28 S.W.3d 240, 249 (Tex. App.—Waco 2000, orig. proceeding), *disapproved on other grounds*, 124 S.W.3d 163, 166 (Tex. 2003); *Pedraza v. Crossroads Sec. Sys.*, 960 S.W.2d 339, 343 n.3 (Tex. App.—Corpus Christi 1997, no pet.); *Byrd v. Attorney General*, 877 S.W.2d 566, 569 (Tex. App.—Beaumont 1994, no writ), *disapproved on other grounds*, 124 S.W.3d 163, 166 (Tex. 2003). All litigants who are forced to settle disputes through the judicial process have a fundamental right under the federal constitution to be heard at a meaningful time in a meaningful manner. *Dodd*, 17 S.W.3d at 717. The right of a prisoner to have access to the courts

8

entails not so much his personal presence as his opportunity to present evidence and participate in the proceedings. *In re D.D.J.*, 136 S.W.3d 305, 313-14 (Tex. App.—Fort Worth 2004, no pet.); *Dodd*, 17 S.W.3d at 717. An inmate, however, does not have the absolute right to present his case in a civil matter in any manner he chooses. The trial court may determine the manner of presentation. *Byrd*, 877 S.W.2d at 569. We review a trial court's failure to act on a litigant's request to participate in a proceeding in person or through some other means for an abuse of discretion. *Dodd*, 17 S.W.3d at 716; *Birdo v. Holbrook*, 775 S.W.2d 411, 414 (Tex. App.—Fort Worth 1989, writ denied); *Brewer v. Taylor*, 737 S.W.2d 421, 423 (Tex. App.—Dallas 1987, no writ).

After finding that Lopez had failed to justify a personal appearance, the trial court permitted Lopez to appear by telephone. Lopez appeared by telephone conference and also submitted affidavits and exhibits which the trial court admitted into evidence. The court then ended the telephone conference and allowed Kushner to testify. Kushner testified to the circumstances of the adoption and introduced into evidence Lopez's two judgments of conviction for aggravated sexual assault of a child for which Lopez was convicted on May 12, 2005. After the hearing, Lopez filed written objections to the telephone proceedings, objecting to not being allowed to be present during the entirety of the proceedings and to the failure of the trial court to appoint an attorney ad litem for S.A.L. and an attorney for himself. The trial court again held a hearing by telephone on the objections, giving Lopez an opportunity to supplement the record with any evidence that was not included in the record. The trial court asked Lopez whether he had any further evidence that "should be on the record that you say is not on the record?" Lopez did not identify any evidence he wished to offer nor did he thereafter submit any additional evidence.

9

Nothing in the record shows that Lopez ever asked the trial court to allow him to appear by telephone or other than in person. He failed to make any showing to support his request to be present for trial. *See In re Baby Boy R.*, 191 S.W.3d 916, 922 (Tex. App.—Dallas 2006, pet. denied) (inmate waived appearance by telephone by not requesting). Nothing in the record suggests that Lopez could not have offered admissible testimony by deposition, telephone, or some other means. *See In re A.H.L.*, 214 S.W.3d 45, 51 (Tex. App.—El Paso 2006, pet. denied). When an appellant contends a trial court erroneously limited his cross-examination of a witness, he must normally show he made an offer of proof of the excluded testimony to preserve any error. *See Easterling v. State*, 710 S.W.2d 569, 578 (Tex. Crim. App. 1986); *Canto-Deport v. State*, 751 S.W.2d 698, 700 (Tex. App.—Houston [1st Dist.] 1988, writ ref'd). An offer of proof may be made by some statement in the record sufficient to show what the intended testimony would have been and the purpose of the testimony. *Moosavi v. State*, 711 S.W.2d 53, 55-56 (Tex. Crim. App. 1986). No offer of proof is necessary, however, if the substance of the exclusion is apparent from its context. *Canto-Deport*, 751 S.W.2d at 700.

Even if we were to decide Lopez was entitled to be present or to question Kushner, we would conclude that any error was harmless. This is not a case in which the court summarily denied Lopez any access to the court. *See In re Z.L.T.*, 124 S.W.3d at 165-66; *In re J.D.S.*, 111 S.W.3d 324, 327-28 (Tex. App.—Texarkana 2003, no pet.). Lopez does not challenge any of the findings made by the court, including the ground for termination. No offer of proof by bill of

exceptions or otherwise appears in the record.[7] Lopez made no complaint during the September 8

hearing that he was not allowed to present his evidence or exhibits. During the course of the hearing

on the bill of exceptions, Judge Gossett asked if Lopez wished to add or supplement his evidence

or expand on his case. Because Lopez failed to complain to the trial court of the existence of any

excluded evidence and obtain a ruling on his complaint, he has failed to preserve the issue for

review. Tex. R. App. P. 33.1(a)(1).

On appeal, Lopez does not contend his testimony, affidavits, and exhibits were

insufficient to put his evidence before the court. *See Birdo*, 775 S.W.2d at 414. Moreover, we may

not reverse a judgment unless an error of law probably caused the rendition of an improper judgment

or probably prevented the appellant from properly presenting the case to the court of appeals. *See*

Tex. R. App. P. 44.1(a). Lopez has made no such showing. We overrule Lopez's fifth issue.

***Appointment of Counsel and Psychologist***

In his sixth, seventh, and eighth issues, Lopez complains of the failure of the trial

court to appoint an attorney ad litem for S.A.L.,[8] a psychologist to examine S.A.L., and counsel for

himself. Lopez recognizes that these are discretionary matters with the court.

---

[7] At the hearing on Lopez's bill of exceptions, the court found that the "bill does not reflect any complaints about any matter that would not otherwise appear in the record," Lopez "is not able to identify any other evidence which should be part of the record," and the record contains "all evidence, testimony, filed documents, pleadings, orders and findings."

[8] Although Lopez filed a motion requesting that an attorney ad litem be appointed for himself, the record does not contain a motion requesting appointment of an attorney ad litem for S.A.L.

11

In suits in which the best interest of a child are at issue, other than a suit filed by a governmental entity, family code section 107.021 allows for the discretionary appointment of an attorney ad litem for the child. Tex. Fam. Code Ann. § 107.021(a) (West Supp. 2007). Section 107.021(a) provides that the court "may" appoint an attorney ad litem. *Id*. Subsection (a-1) provides that, in a suit requesting termination of the parent-child relationship that is not filed by a governmental entity, the court "shall, unless the court finds that the interests of the child will be represented adequately by a party to the suit whose interests are not in conflict with the child's interests, appoint . . . an attorney ad litem." *Id*. § 107.021(a-1).[9]

At trial, Lopez asked the trial court, "[W]ho is the Attorney Ad Litem for the child?" The trial judge explained that the court can dispense with an attorney ad litem for the child if the interests of the petitioners and the child are not adverse. The court stated that he would appoint an attorney ad litem should a conflict appear and that he might consider abating the proceedings, "but right now it has not been shown to me that there is an adverse interest between the Petitioners and the child, so one has not been appointed." Because this petition to terminate parental rights was not filed by a governmental entity, the court had discretion whether to appoint an attorney. Lopez did not object further nor demonstrate that there was an adverse interest between the petitioners and the

---

[9] Section 107.021 was amended in 2005 to add subsection (a-1). Act of May 12, 2005, 79th Leg., R.S., ch. 172, § 8, 2005 Tex. Gen. Laws 322, 325. The amendment applies to suits affecting the parent-child relationship filed on or after the effective date of Sept. 1, 2005. *Id*. § 29, 2005 Tex. Gen. Laws at 329. Petitioners filed this suit prior to the effective date of the amendment when the statute left the determination entirely in the trial court's discretion, and Lopez does not complain that the trial judge applied an incorrect version of the statute. Neither party refers to subsection (a-1).

child so as to require the appointment of an attorney ad litem. In its order, the court found that the interest of the child was adequately protected by petitioners.

Although Lopez urges in his seventh issue that the family code contains a provision that requires the appointment of a psychologist to assess any harm caused by the termination of the parent-child relationship, he fails to cite to any such requirement, and we are not aware of any such requirement in this context.

Lopez next contends in his eighth issue that the court failed to appoint an attorney ad litem to represent him. The record shows that, in January 2006, the trial court entered an order directing Lopez to file an affidavit with the court providing information to justify his request for an appointment of an attorney and his presence at the hearing, and concerning the charges for which Lopez was incarcerated, the length of his sentence, and his expected release date. At a hearing on March 15, 2006, the court entered an order finding that Lopez had not responded to his prior order, and had thus failed to justify the appointment of an attorney and his presence at the trial. The trial court denied Lopez's motion for an appointment of an attorney and for a bench warrant to secure his presence at trial. Thereafter, Lopez moved for a continuance and for reconsideration of his request for an attorney. At the September 8 hearing, the trial court declined to reconsider Lopez's motion.

There is no constitutional right to appointed counsel in every termination proceeding. *Lassiter v. Department of Social Services*, 452 U.S. 18, 27-32 (1981). Rather, an indigent parent's constitutional right to counsel under the Fourteenth Amendment's Due Process Clause must be made on a case-by-case basis. *Id*. Texas has adopted a higher standard by mandating the appointment of an attorney ad litem for an indigent parent who opposes the termination of the parent-child

13

relationship in a suit filed by a governmental entity. Tex. Fam. Code Ann. § 107.013(a)(1)(West Supp. 2007). Because this petition to terminate parental rights was not filed by a governmental entity, the court had discretion whether to appoint an attorney. Even had Lopez preserved the issue for our review, he has not shown how the court abused its discretion or how he was harmed when the case proceeded to trial.

The trial court did not abuse its discretion when it denied Lopez's inquiry about S.A.L's attorney ad litem, and Lopez's motions for a psychologist to interview S.A.L. and for an attorney. In any event, Lopez has not shown how these rulings caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1). We overrule Lopez's sixth, seventh, and eighth issues.

### *Motion for Continuance*

In his final issue, Lopez complains that the court abused its discretion in failing to grant a continuance. The decision to grant a continuance rests within the sound discretion of the trial court. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). We review the circumstances before the court at the time of the denial to determine whether the decision was so arbitrary as to violate due process. *See Guerrero-Ramirez v. Texas State Bd. of Med. Examiners*, 867 S.W.2d 911, 916 (Tex. App.—Austin 1993, no writ) (citing *Ungar v. Sarafite*, 376 U.S. 575, 591 (1964)).

Lopez contends that he was not allowed meaningful access to the prison library and that he was unable to properly prepare for trial. But Lopez filed a motion for continuance on June 22, 2006, seeking a trial setting on "August 7, 2006 or thereafter." The trial court reset the trial date for September 8. There is no further request in the record for an additional continuance. The trial

14

court did not abuse its discretion because it gave Lopez the relief he requested. In any event, Lopez's motion contained no statement as to the testimony Lopez expected to offer as required by the rules of civil procedure. *See* Tex. R. Civ. P. 252. Lopez has not shown how the failure to grant any further continuance caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1); *In re Baby Boy R.*, 191 S.W.3d at 922-23. We overrule Lopez's ninth issue.

## CONCLUSION

The trial court did not err by finding that clear and convincing evidence established that Lopez engaged in criminal conduct that resulted in his conviction of an offense and confinement or imprisonment and his inability to care for the child for not less than two years from the date the petition was filed, that termination of Lopez's parental rights is in the best interest of the child, and that adoption by Kushner is in the best interest of the child. Having overruled Lopez's issues, we affirm the judgment of the trial court.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: February 13, 2008