

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00050-CV

IN RE KENNETH GLENN WEBB, RELATOR

ORIGINAL PROCEEDING

July 21, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Relator Kenneth Webb, a prison inmate appearing *pro se*, initiated this original proceeding seeking a writ of mandamus compelling respondent, the Honorable William D. Smith, judge of the 84th Judicial District Court, to set for hearing relator's pending motions[1] in the probate of his father's estate.[2] The real party in interest is Lou Walker, independent executrix of the estate. At our request, she filed a response to relator's

---

[1] This is relator's second attempt to require a hearing on his pending motions. We denied his first mandamus petition because of the absence of an appendix or record. *In re Webb,* No. 07-14-00256-CV, 2014 Tex. App. LEXIS 8435, at *2 (Tex. App.—Amarillo July 31, 2014, orig. proceeding) (mem. op.).

[2] *In the Estate of Rellis Leon Easley,* No. CV-0482, (84th Dist. Ct., Hansford County, Tex.). According to the mandamus record, on relator's motion the case was transferred from county court to district court.

petition. We will conditionally grant the petition to the extent it seeks to require a hearing on pending motions.

## Background

The lengthy mandamus record filed by relator indicates he began serving a seventy-five year sentence of confinement in 2007. A Texas Department of Criminal Justice document in the record shows relator's projected release date as October 13, 2077.

The mandamus record also contains pertinent correspondence. A May 9, 2011 letter from relator to the district clerk of Hansford County identified relator's pending motions in the probate case as: "demand for an accounting"; "motion to officially dismiss movant's attorney of record, George Harwood"; motion to "remove independent Executrix Lou Walker"; "motion for the court to dismiss estate attorney of record, Cecil Biggers"; and "motion to remove invalid or unenforceable child support lien."

The record demonstrates respondent is aware of the pending motions. Respondent has corresponded with relator regarding the motions in June 2011, in October 2011 and in June 2012. A docket sheet entry indicates relator had requested proceeding by "teleconference or videoconference." Respondent's October 2011 letter to relator explained the court lacked teleconferencing facilities.

By respondent's June 2012 letter, relator was advised, "The Court will set the motions at your request when you are available to appear, following your release from Texas Department of Criminal Justice, Institutional Division."

In her brief response, real party in interest Walker refers to the trial court's June 2012 letter and asserts the matters expressed by relator in his petition "cannot be addressed without proper notice, hearing and ruling thereon." She concludes with the summary statement that relator's petition failed to, *inter alia*, demonstrate a demand for respondent's performance and his refusal to act. The only document Walker submitted supporting her response was a copy of respondent's June 2012 letter to relator.

Analysis

Mandamus ordinarily issues only to correct a clear abuse of discretion or to compel the performance of a ministerial duty, in instances where the relator has no adequate remedy by appeal. *In re Reynolds,* No. 14-14-00329-CV, 2014 Tex. App. LEXIS 7105, at *4 (Tex. App.—Houston 14th Dist. July 1, 2014, orig. proceeding) (per curiam) (citing *In re Reece,* 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)). When a motion is properly pending before a trial court, the act of considering and ruling on it is a ministerial act. *Eli Lilly and Co. v. Marshall,* 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (per curiam); *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). A trial court abuses its discretion when it fails to rule on pretrial motions that have been properly presented to it within a reasonable time. *Safety-Kleen Corp. v. Garcia,* 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

When a relator complains the trial court failed or refused to hear and rule on a pending motion, the relator's burden includes demonstrating the trial court had a legal

3

duty to perform; performance was demanded; and the trial court refused to act. *Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex. 1979) (orig. proceeding).

While respondent has not explicitly refused to act on relator's pending motions, his postponement of a hearing on the motions until relator is released from confinement is the equivalent. Postponement of a ruling on the motions for such a length of time is a failure to rule within a reasonable time. The mandamus response does not assert that relator's motions cannot be heard because of the court's lack of teleconferencing equipment. If that particular means of communication is not possible, moreover, nothing shows all other constitutionally-reasonable means for relator's participation in the hearing on his motions also are impossible.[3]

## Conclusion

Accordingly, we conditionally grant relator's petition for writ of mandamus but only to the extent it seeks a hearing and ruling on his pending motions in the underlying probate proceeding. Any additional relief relator seeks in his petition is denied. We emphasize that by this order we intend no opinion on the merits of any of relator's

---

[3] In a civil action an inmate retains a right of reasonable access to the courts. *Hudson v. Palmer,* 468 U.S. 517, 523, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). This right does not require an inmate's personal appearance in a civil court proceeding. *In re Z.L.T.,* 124 S.W.3d 163, 165 (Tex. 2003); *Dodd v. Dodd,* 17 S.W.3d 714, 717 (Tex. App.—Houston [1st Dist.] 2000, no pet.)*, disapproved on other grounds, In re Z.L.T.,* 124 S.W.3d at 166. ("A prisoner in Texas has a constitutional right of access to the courts, but only a qualified right to appear personally at a civil proceeding"). "The right of a prisoner to have access to the courts entails not so much his personal presence as the opportunity to present evidence or contradict the evidence of the opposing party." *Dodd,* 17 S.W.3d at 717. At a minimum, due process requires a meaningful opportunity to be heard. *In re T.L.B.,* 07-07-00349-CV, 2008 Tex. App. LEXIS 9400, at *7 (Tex. App.—Amarillo Dec. 17, 2008, orig. proceeding). Courts have generally found in a civil proceeding an inmate may appear by telephone, affidavit, or other effective means. *In re Ramirez,* 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding).

pending motions, and we make no requirement concerning the nature or extent of the rulings to be made on them. We are confident that within sixty days of the date of this opinion the able respondent will schedule and conduct a hearing to address relator's pending motions, and the writ will issue only if respondent does not do so.


James T. Campbell
Justice