Michael QUERTERMOUS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 2–00–142–CV, 2–00–143–CV.

Court of Appeals of Texas, Fort Worth.

June 21, 2001.

Michael Quertermous, Tennessee Colony, pro se.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Chief of Appellate Section, C. James Gibson, Greg Miller, Asst. Dist. Attys., Fort Worth, for Appellee.

Panel B: DAY and DAUPHINOT, JJ.; and DAVID L. RICHARDS, J. (Sitting by Assignment).

## OPINION

DAUPHINOT, Justice.

Appellant Michael Quertermous appeals from the trial court's orders denying his petitions for expunction. In two points, Appellant contends that the trial court erred in denying his expunction requests and that he was entitled to full expunction in both cases. We affirm.

On May 4, 1999, Appellant filed two ex parte petitions for expunction of records in Tarrant County district court. According to his petitions, in 1993, Appellant, a juvenile, was taken into custody by the Arlington Police Department for the offenses of possession of a weapon in a prohibited place and attempted capital murder. At the time of his apprehension, Appellant resided in Grand Prairie. On January 21, 1994, a Dallas County juvenile court certified Appellant to stand trial as an adult with respect to both offenses and transferred the cases to Tarrant County district court. No further action was taken in either case and no indictments were filed.

Article 55.01 of the code of criminal procedure governs the right to expunction of arrest records. At the time Appellant was taken into custody, that section provided that a person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if each of the following three conditions exist:

(A) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested;

(B) he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12, Code of Criminal Procedure, nor a conditional discharge under Section 481.109, Health and Safety Code; and

(C) he has not been convicted of a felony in the five years preceding the

date of the arrest.[1]

■ An arrest is a threshold requirement under the expunction statute.[2] The taking into custody of a juvenile suspect is not, however, considered to be an "arrest" except for purposes of determining the validity of that "arrest."[3] A juvenile is not effectively "arrested" until the juvenile court certifies him as an adult and enters a proper transfer order to district court.[4] "The transfer of custody is an arrest."[5] Thus, for purposes of the expunction statute, Appellant's arrest occurred not when he was taken into custody in Tarrant County by Arlington police, but rather, when the juvenile court in Dallas County certified him to stand trial as an adult and transferred the cases to Tarrant County district court.

■ This distinction is significant because, at the time of Appellant's apprehension and subsequent certification for the above-mentioned offenses, article 55.02 of the code of criminal procedure provided, in pertinent part, as follows: "A person who is entitled to expunction of records and files under this chapter may file an ex

parte petition for expunction in a district court for the county in which he was arrested."[6] The right to an expunction is neither a constitutional nor common law right, but rather, a statutory privilege.[7] Where a cause of action is created by statute, all statutory provisions are mandatory and exclusive, and must be complied with in order to sustain the action.[8] Accordingly, the statutory designation of venue for an expunction proceeding is mandatory and confers exclusive jurisdiction.[9]

In his brief, Appellant claims that both offenses were committed in Tarrant County. Under the current version of article 55.02, as amended in 1999, a person who is eligible for expunction of records and files under article 55.01 "may file an ex parte petition for expunction in a district court for the county in which the person was arrested *or in the county where the offense was alleged to have occurred.*"[10] This change in law, however, applies only to the expunction of arrest records and files relating to an arrest made on or after August 30, 1999, the effective date of the amending act.[11] Appellant's arrest oc-

1. Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 7.02, 1993 Tex. Gen. Laws 3586, 3763 (amended 1999) (current version at Tex.Code Crim. Proc. Ann. art. 55.01(a)(2) (Vernon Supp. 2001)).

2. *Harris County Dist. Attorney v. Lacafta,* 965 S.W.2d 568, 570 (Tex.App.—Houston [14th Dist.] 1997, no pet.).

3. Tex. Fam.Code Ann. § 52.01(b) (Vernon Supp. 2001); *Vasquez v. State,* 739 S.W.2d 37, 42 (Tex.Crim.App.1987).

4. Tex. Fam.Code Ann. § 54.02(h) (Vernon Supp. 2001); *Vasquez,* 739 S.W.2d at 43.

5. Tex. Fam.Code Ann. § 54.02(h).

6. Act of May 28, 1979, 66th Leg., R.S., ch. 604, § 1, 1979 Tex. Gen. Laws 1333, 1333 (amended 1989, 1991, 1999) (current version

at Tex.Code Crim. Proc. Ann. art. 55.02, § 2 (Vernon Supp.2001)).

7. *Ex parte Myers,* 24 S.W.3d 477, 480 (Tex. App.—Texarkana 2000, no pet.); *Lacafta,* 965 S.W.2d at 569.

8. *Myers,* 24 S.W.3d at 480; *Harris County Dist. Attorney's Office v. Burns,* 825 S.W.2d 198, 200 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

9. *Myers,* 24 S.W.3d at 480; *State v. Autumn Hills Centers, Inc.,* 705 S.W.2d 181, 183 (Tex. App.—Houston [14th Dist.] 1985, no writ).

10. Tex.Code Crim. Proc. Ann. art. 55.02, § 2(a) (Vernon Supp.2001) (emphasis added).

11. Act of May 30, 1999, 76th Leg., R.S., ch. 1236, § 5(a), 1999 Tex. Gen. Laws 4279, 4282.

curred in 1994, and thus his requests for expunction are governed by the requirements of the law in effect at that time.[12] That law mandated that Appellant file his petitions for expunction in a district court for the county in which he was arrested.

Here, the "transfer of custody," and hence, the "arrest" took place in Dallas County. Thus, under the law in effect at the time of his arrest, Appellant was required to file his expunction petitions in Dallas County district court. The Tarrant County district court in which Appellant filed his petitions was, therefore, without jurisdiction to grant Appellant's requests. Accordingly, the trial court did not err in entering its orders denying Appellant's petitions for expunction. We overrule Appellant's first point.

Because of our ruling on Appellant's first point, it is unnecessary to address his remaining point.[13] We affirm the trial court's orders in both causes.

---

**12.** *See id.* § 5(b).

**13.** TEX.R.APP. P. 47.1.