Kevin Lee McCARROLL, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 2–01–017–CV.

Court of Appeals of Texas,
Fort Worth.

Sept. 26, 2002.

Kevin Lee McCarroll, Lovelady, pro se.

Philip L. Cline, Austin, for Appellee.

PANEL A: CAYCE, C.J.; DAY and DAUPHINOT, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

Kevin Lee McCarroll, an inmate acting pro se, appeals the trial court's order denying his petition for expunction. Appellant raises five issues on appeal. In his first three issues appellant asserts that he was entitled to expunction because two of his twelve criminal cases have been dismissed, a conviction for driving while intoxicated will prevent him from obtaining a commercial driver's license when he is released from prison, and he was not convicted of a felony in the five years preceding the twelve arrests. In his fourth issue, appellant asserts that the expunction statute "is unclear and appellant can not fully understand it." In his fifth issue, he claims that the trial court was required to conduct a hearing at which appellant was present and its failure to do so violated his procedural due process and equal protection rights. Appellant argues all of these issues together in one-half page of his brief. The State did not file a brief in this appeal. We will affirm.

## BACKGROUND FACTS

On November 6, 2000, appellant filed a pro se petition for expunction in the trial court, seeking to expunge "all records and files arising out of [his] confinement in Wichita County on Causes listed above." At the top of the petition was a series of twelve cause numbers. The only ground for expunction raised in appellant's petition was "[p]ursuant to 55.01(2)(b), and timely removal of records after 5 yr. period." On November 6, 2000, the trial court signed an order scheduling a hearing on the petition for expunction for December 29, 2000.

On December 11, 2000, appellant filed a motion for bench warrant to attend the December 29 hearing on his petition for expunction "so that I may give testimony." There is nothing in the record indicating that the motion for bench warrant was set for hearing or whether the trial court conducted a hearing on appellant's motion.

The State filed a general denial on December 18, 2000. The trial court denied the petition on December 29.

## EXPUNCTION

■ The right to an expunction is neither a constitutional nor common law right but, rather, is a statutory privilege. *Quertermous v. State*, 52 S.W.3d 862, 864 (Tex.App.-Fort Worth 2001, no pet.); *Ex parte Myers*, 24 S.W.3d 477, 480 (Tex. App.-Texarkana 2000, no pet.). Article 55.01 of the Texas Code of Criminal Procedure provides wrongfully arrested persons the opportunity to expunge their arrest records. Tex.Code Crim. Proc. Ann. art. 55.01 (Vernon Supp.2002). While article 55.01 is included in the code of criminal procedure, an expunction proceeding is civil rather than criminal in nature, and, consequently, the burden of proving compliance with the statute is on the petitioner rather than the State. *Kendall v. State*,

997 S.W.2d 630, 631 (Tex.App.-Dallas 1998, pet. denied). The petitioner is entitled to expunction only when all of the statutory conditions have been met. *Quertermous*, 52 S.W.3d at 864; *Kendall*, 997 S.W.2d at 631.

■ The trial court is required to set a hearing on a petition for expunction. Tex. Code Crim. Proc. Ann. art. 55.02(2)(c). *But see Ex parte Current*, 877 S.W.2d 833, 839 (Tex.App.-Waco 1994, no writ) (holding that trial court may rule on expunction petition without hearing when all facts necessary to determine the issue were available to the court). The State did not file a brief contesting appellant's contention that the trial court erred by not conducting a hearing on appellant's petition for expunction with appellant present. We hold, however, that the error was harmless because of the improbability of appellant's success on the merits. *See* Tex.R.App. P. 44.1(a)(1); *see also Jones v. Jones*, 64 S.W.3d 206, 210 (Tex.App.-El Paso 2001, no pet.) (listing eight balancing factors trial courts should use in determining whether to permit an incarcerated party to appear at trial).

■ Article 55.01 provides that a petitioner is entitled to expunction when:

(1) the person is tried for the offense for which the person was arrested and is:

(A) acquitted by the trial court, except as provided by Subsection (c) of this section; or

(B) convicted and subsequently pardoned; or

(2) each of the following conditions exist:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which

the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

> (i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

> (ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

> (B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12; and

> (C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

TEX.CODE CRIM. PROC. ANN. art. 55.01(a). In his first three issues, appellant asserts that he is entitled to expunction on the grounds that he has not been convicted of a felony in the five years preceding the arrests for the twelve offenses he seeks to expunge and because two of those matters were dismissed. As a matter of law, these grounds alone are not sufficient to entitle appellant to expunction. *See generally* TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(1), (2). Issues one, two, and three are overruled.

In issue four, appellant argues that article 55.01 "is unclear and appellant can not fully understand it." The only other mention of this issue is in the summary of the argument section of his brief in which appellant states "[t]he Judge as well as myself have failed to completely understand the meanings and statutory language of the 55.00 Art." Appellant must state in his brief a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX.R.APP. P. 38.1(h). Because appellant does not explain what it is about article 55.01 that is unclear or confusing to him, we overrule issue four as inadequately briefed. *See id.; Keever v. Finlan,* 988 S.W.2d 300, 314 (Tex.App.-Dallas 1999, pet. dism'd) (op. on reh'g).

In issue five, appellant argues that his procedural due process and equal protection rights were violated because the trial court did not conduct a hearing on his petition for expunction with appellant present. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. TEX.R.APP. P. 33.1(a)(1)(A); *see* TEX.R. EVID. 103(a)(1). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean,* 803 S.W.2d 711, 712 (Tex.1991) (op. on reh'g). Moreover, on appeal the appellant has the burden of showing that any trial court error probably caused the rendition of an improper judgment or prevented the appellant from properly presenting the case to the court of appeals. TEX.R.APP. P. 44.1(a).

Appellant failed to preserve error on his complaint about the trial court's failure to conduct a hearing with appellant present because he never explained to either the trial court or this court what his testimony would establish, why his testimony would be helpful to his case, or how he was harmed by not being allowed to "give testi-

mony" either by personally appearing in court or by alternative means. He has, therefore, waived this complaint. Issue five is overruled.

## CONCLUSION

We overrule all of appellant's issues and affirm the trial court's order denying appellant's petition for expunction.

DAUPHINOT, J. filed a dissenting opinion.

LEE ANN DAUPHINOT, Justice, dissenting.

The majority holds that the trial court erred by not conducting a hearing on McCarroll's petition for expunction with McCarroll present, but that the error was harmless because McCarroll probably would not have been successful on the merits. Respectfully, I believe the majority has missed the point.

McCarroll formally asked to appear at the expunction hearing in order to present evidence. He had no attorney, and, therefore, had no other means of sustaining his burden. The trial court did not rule on that request. We do not know that any evidence was offered at the hearing because we have no record. I cannot conclude, as does the majority, that McCarroll could not prevail because I have no idea what the evidence was or would have been.

Individuals who are incarcerated do not automatically lose their access to the courts as a result of their incarcerated status.[1] An inmate, whether a defendant or a plaintiff in a civil action, does not, however, have an absolute right to personally appear.[2] In determining whether a personal appearance is warranted, "appellate courts have held that the trial court must balance, by considering various factors, the government's interest in protecting the integrity of the correctional system against the prisoner's right of access to the courts."[3] Among the factors that a trial court may consider are:

- the cost and inconvenience of transporting the inmate to court;
- the security risk and potential danger to the court and the public of allowing the inmate to attend court;
- whether the inmate's claims are substantial;
- whether a determination of the matter can reasonably be delayed until the inmate is released;
- whether the inmate can and will offer admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise;
- whether the inmate's presence is important in judging his demeanor and credibility compared with that of other witnesses;
- whether the trial is to the court or to a jury; and
- the inmate's probability of success on the merits.[4]

1. *Zuniga v. Zuniga,* 13 S.W.3d 798, 801 (Tex. App.-San Antonio 1999, no pet.) (citing *Hudson v. Palmer,* 468 U.S. 517, 523, 104 S.Ct. 3194, 3198, 82 L.Ed.2d 393 (1984)).

2. *In re Marriage of Daugherty,* 42 S.W.3d 331, 335 (Tex.App.-Texarkana 2001, no pet.); *Pruske v. Dempsey,* 821 S.W.2d 687, 689 (Tex. App.-San Antonio 1991, no writ); *Birdo v. Holbrook,* 775 S.W.2d 411, 414 (Tex.App.-Fort Worth 1989, writ denied).

3. *Nance v. Nance,* 904 S.W.2d 890, 892 (Tex. App.-Corpus Christi 1995, no writ).

4. *Jones v. Jones,* 64 S.W.3d 206, 210 (Tex. App.-El Paso 2001, no pet.); *Taylor v. Taylor,* 63 S.W.3d 93, 97 (Tex.App.-Waco 2001, no pet.); *Thomas v. Bilby,* 40 S.W.3d 166, 169 (Tex.App.-Texarkana 2001, no pet.); *Zuniga,* 13 S.W.3d at 801.

A key factor is whether the inmate is represented by counsel or is proceeding pro se.[5] We are required to review a trial court's decision to grant or deny an inmate's bench warrant request, and we conduct that review under an abuse of discretion standard.[6]

The right of an inmate to have access to the courts entails not so much his physical presence in the courtroom as the opportunity to present evidence or contradict the evidence of the opposing party.[7] "The right to be heard includes the opportunity to introduce evidence, to cross-examine witnesses, to be heard on questions of law and to have judgment rendered only after trial."[8] As the Beaumont Court of Appeals has suggested: "Should the court find that the pro se plaintiff inmate in a civil action is not entitled to leave prison to appear personally in court, then the prisoner should be allowed to proceed by affidavit, deposition, telephone, or other effective means."[9]

The record in the case before us does not indicate that the trial court addressed McCarroll's request for a bench warrant to appear at the expunction hearing. There is, therefore, nothing in the record to show that the court attempted to strike a fair balance between the integrity of the correctional system and McCarroll's right of access to the courts.[10] Furthermore, the record does not reflect that the trial court considered alternative means by which McCarroll could present and respond to evidence on his petition.

We should join our sister courts in holding that a trial court abuses its discretion in failing to issue a bench warrant to allow an inmate to appear in court without first considering and ruling upon the inmate's bench warrant request and evaluating alternative methods of participation in court proceedings.[11] Because there is no indication that the trial court in this case ad-

---

5. *Jones,* 64 S.W.3d at 210; *Dodd v. Dodd,* 17 S.W.3d 714, 717 (Tex.App.-Houston [1st Dist.] 2000, no pet.).

6. *In re B.R.G.,* 48 S.W.3d 812, 820 (Tex.App.-El Paso 2001, no pet.); *Dodd,* 17 S.W.3d at 716.

7. *Dodd,* 17 S.W.3d at 717.

8. *Nichols v. Martin,* 776 S.W.2d 621, 623 (Tex.App.-Tyler 1989, no writ).

9. *Byrd v. Attorney General,* 877 S.W.2d 566, 569 (Tex.App.-Beaumont 1994, no writ).

10. *See Ex parte Guajardo,* 70 S.W.3d 202, 206 (Tex.App.-San Antonio 2001, no pet.); *Zuniga,* 13 S.W.3d at 801–02.

11. *See Guajardo,* 70 S.W.3d at 206 (reversing denial of expunction petition where trial court did not rule on or consider inmate petitioner's motion for writ of habeas corpus ad testificandum); *Jones,* 64 S.W.3d at 211–12 (holding trial court abused its discretion in denying pro se husband's motion for continuance in divorce action brought by wife where record did not reflect that court considered husband's request for bench warrant by balancing need for husband to appear with short delay that would be necessitated by continuance); *In re I.V.,* 61 S.W.3d 789, 797 (Tex. App.-Corpus Christi 2001, no pet.) (holding a trial court abuses its discretion by failing to act on an inmate's legitimate request to be present at his civil trial); *Dodd,* 17 S.W.3d at 718 (holding failure of trial court to consider and rule upon request of purported husband, who was incarcerated and acting pro se, to appear as defendant at trial to divide property among purported spouses and failure to make appropriate findings weighing right to attend against other factors constituted abuse of discretion); *Zuniga,* 13 S.W.3d at 801–02 (holding trial court erred in granting default divorce judgment against incarcerated husband without considering husband's motion for bench warrant); *Byrd,* 877 S.W.2d at 569 (holding trial court's failure to act on plaintiff inmate's motion requesting a bench warrant to appear at hearing on defendant's plea to jurisdiction constituted abuse of discretion and required reversal of ruling dismissing inmate's claim for lack of jurisdiction).

dressed McCarroll's request for a bench warrant by performing the appropriate balancing tests to ensure that his fundamental constitutional right to court access was adequately protected, we should hold, as I understand the majority to do, that the trial court abused its discretion.

If the trial court abused its discretion by failing to protect McCarroll's fundamental constitutional right to court access, I cannot understand how such error can be harmless. We should remand this case to the trial court to permit the trial judge to consider and rule on McCarroll's request for a bench warrant. Whether the trial court grants or denies the request, under the law as I understand it, the trial court must actually hold a hearing on McCarroll's petition and permit McCarroll to present his evidence in some fair manner. I respectfully dissent.