

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-271-CV

PAIGE LOUIS BENNER A/K/A                      APPELLANT
PAIGE LOUIS MOLISH

V.

THE STATE OF TEXAS                               STATE

------------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellant Paige Louis Benner a/k/a Paige Louis Molish appeals the trial court's order denying his request for an expunction. In two issues, appellant argues that the trial court erred by not holding a hearing on his motion for expunction and by not granting him an expunction. We affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

## Background Facts

On September 13, 2003, appellant was arrested for kidnaping. A grand jury subsequently indicted him for burglary with the intent to commit kidnaping and burglary with the intent to commit aggravated assault. After a trial on the charges in the indictment, a jury convicted appellant of aggravated assault with a deadly weapon. The jury assessed appellant's punishment at fifty years' confinement, and the judge sentenced him accordingly.

In June 2007, appellant filed a petition to expunge the records for his kidnaping arrest and for the part of the indictment charging him with burglary with the intent to commit kidnaping. On July 16, 2007, the trial court denied appellant's petition for the expunction of records. Nothing in the record indicates that the trial court conducted a hearing on appellant's motion. Appellant timely filed this appeal.

## Standard of Review

We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Ex Parte Wilson,* 224 S.W.3d 860, 863 (Tex. App.—Texarkana 2007, no pet.); *Heine v. Tex. Dep't of Pub. Safety,* 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it acts without reference to guiding rules and principles or if its

actions were arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied,* 476 U.S. 1159 (1986).

**Applicable Law**

The right to an expunction is neither a constitutional nor common law right but, rather, is a statutory privilege. *McCarroll v. Tex. Dep't of Pub. Safety,* 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.); *Quertermous v. State,* 52 S.W.3d 862, 864 (Tex. App.—Fort Worth 2001, no pet.). Article 55.01 of the Texas Code of Criminal Procedure provides wrongfully arrested persons the opportunity to expunge their arrest records. TEX. CODE CRIM. PROC. ANN. art. 55.01 (Vernon 2006); *McCarroll,* 86 S.W.3d at 378. While article 55.01 is included in the code of criminal procedure, an expunction proceeding is civil rather than criminal in nature, and, consequently, the burden of proving compliance with the statute is on the petitioner rather than the State. *McCarroll,* 86 S.W.3d at 378. The petitioner is entitled to expunction only when all of the statutory conditions have been met. *Id.*; *Quertermous,* 52 S.W.3d at 864.

Article 55.01(a) provides that a petitioner is entitled to expunction when

(1) the person is tried for the offense for which the person was arrested and is:

3

(A) acquitted by the trial court, except as provided in Subsection (c) of this section; or

(B) convicted and subsequently pardoned; or

(2) each of the following conditions exist:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and;

(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1), (2).

### Denial of Appellant's Request for Expunction

In his second issue, appellant argues that the trial court erred by denying his motion for expunction. The State, however, argues that expunction is

prohibited under article 55.01(c), which provides that the trial court may not expunge an arrest or charged offense, even if it resulted in an acquittal, if the offense arose out of one criminal episode, and the defendant was convicted of or remains subject to prosecution for at least one other offense occurring during the same criminal episode.[2] TEX. CODE CRIM. PROC. ANN. art. 55.01(c); *Addicks v. State,* No. 03-06-00114-CV, 2007 WL 844872, at *2 (Tex. App.—Austin Mar. 21, 2007, no pet.) (mem. op., not designated for publication).

Here, appellant was arrested for, but not charged with, kidnaping.  In his subsequent trial for burglary with the intent to commit kidnaping, which was one count in the indictment, the jury found appellant not guilty of that offense and instead convicted him for the offense of aggravated assault with a deadly weapon.  Because the kidnaping arrest, the subsequent charge of burglary with intent to commit kidnaping, and the conviction for the offense of aggravated assault with a deadly weapon arose from the same facts and thus the same criminal episode, article 55.01(c) bars an expunction under these circumstances.  *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(c); *Addicks,* 2007

---

[2] "Criminal episode" is defined as the commission of two or more offenses "committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or the offenses are the repeated commission of the same or similar offenses." TEX. PENAL CODE ANN. § 3.01(1), (2) (Vernon 2003).

5

WL 844872, at *2. Because appellant did not meet his burden to show that he is entitled to an expunction under article 55.01, the trial court did not abuse its discretion in refusing his request for an expunction. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(c). We overrule appellant's second issue.

**Failure to Hold a Hearing on Appellant's Motion for Expunction**

In his first issue, appellant argues that the trial court erred in failing to hold a hearing on his petition for expunction. The trial court is required to set a hearing on a petition for expunction. TEX. CODE CRIM. PROC. ANN. art. 55.02(2)(c) (Vernon Supp. 2007); *McCarroll,* 86 S.W.3d at 378. However, such a hearing does not necessarily have to be an oral hearing. *Wilson,* 224 S.W.3d at 863*; Ex Parte Current*, 877 S.W.2d 833, 839 (Tex. App.—Waco 1994, no writ); *Addicks,* 2007 WL 844872, at *1; *cf. Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.,* 754 S.W.2d 152, 153 (Tex. 1988) (stating that unless required by the express language or context of particular rule of civil procedure, the term "hearing" does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court). If all of the facts necessary to determine the issues in an expunction hearing are available to the trial court—for example, in the pleadings, affidavits, or judicially noticeable record—an oral hearing is not mandatory. *See McCarroll,* 86 S.W.3d at 378; *Current,* 877 S.W.2d at 839–40; *Addicks,* 2007 WL 844872, at *1.

6

In his petition for expunction, appellant alleges that he was arrested for kidnaping, charged with burglary of a habitation with the intent to commit kidnaping, but convicted only of aggravated assault with a deadly weapon. Thus, appellant claims he was acquitted of burglary with the intent to commit kidnaping and, therefore, entitled to have the arrest and indictment regarding the kidnaping-related offense expunged. However, appellant sought an expunction based on these facts alone; he did not allege any facts that needed to be developed by an evidentiary hearing. Because article 55.01(c) bars expunction of the kidnaping arrest and burglary with intent to commit kidnaping charge on the facts as alleged by appellant in his own petition, the trial court had before it all it needed to evaluate whether appellant's petition presented any grounds for expunction.[3] Appellant does not present any reason why an oral, evidentiary hearing was necessary. Accordingly, the trial court, under these circumstances, was not required to hold an oral, evidentiary hearing. *See Current,* 877 S.W.2d at 839–40; *Addicks,* 2007 WL 844872, at *2. We overrule appellant's first issue.

---

[3] Appellant's petition did not raise any ground, such as a pardon, that would require the development of facts beyond those already in front of the trial court.

**Conclusion**

Having overruled appellant's two issues, we affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL B:    LIVINGSTON, HOLMAN, and GARDNER, JJ.

DELIVERED: May 1, 2008