COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-271-CV

 

 

PAIGE LOUIS BENNER A/K/A                                                 APPELLANT

PAIGE LOUIS MOLISH                                                                          

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction

Appellant Paige Louis Benner
a/k/a Paige Louis Molish appeals the trial court=s order denying his request for an expunction.  In two issues, appellant argues that the
trial court erred by not holding a hearing on his motion for expunction and by
not granting him an expunction.  We
affirm.








 

Background Facts

On September 13, 2003,
appellant was arrested for kidnaping.  A
grand jury subsequently indicted him for burglary with the intent to commit
kidnaping and burglary with the intent to commit aggravated assault.  After a trial on the charges in the indictment,
a jury convicted appellant of aggravated assault with a deadly weapon.  The jury assessed appellant=s punishment at fifty years= confinement, and the judge sentenced him accordingly.

In June 2007, appellant filed
a petition to expunge the records for his kidnaping arrest and for the part of
the indictment charging him with burglary with the intent to commit
kidnaping.  On July 16, 2007, the trial
court denied appellant=s petition
for the expunction of records.  Nothing
in the record indicates that the trial court conducted a hearing on appellant=s motion. Appellant timely filed this appeal.  

Standard of Review








We review a trial court=s ruling on a petition for expunction under an abuse of discretion
standard.  Ex Parte Wilson, 224
S.W.3d 860, 863 (Tex. App.CTexarkana 2007, no pet.); Heine v. Tex. Dep=t of Pub. Safety, 92 S.W.3d 642, 646 (Tex.
App.CAustin 2002, pet. denied).  A
trial court abuses its discretion if it acts without reference to guiding rules
and principles or if its actions were arbitrary and unreasonable.  Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241B42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986).

Applicable Law

The right to an expunction is
neither a constitutional nor common law right but, rather, is a statutory
privilege.  McCarroll v. Tex. Dep=t of Pub. Safety, 86 S.W.3d 376, 378 (Tex.
App.CFort Worth 2002, no pet.); Quertermous v. State, 52 S.W.3d 862,
864 (Tex. App.CFort Worth
2001, no pet.).  Article 55.01 of the
Texas Code of Criminal Procedure provides wrongfully arrested persons the
opportunity to expunge their arrest records. 
Tex. Code Crim. Proc. Ann.
art. 55.01 (Vernon 2006); McCarroll, 86 S.W.3d at 378.  While article 55.01 is included in the code
of criminal procedure, an expunction proceeding is civil rather than criminal
in nature, and, consequently, the burden of proving compliance with the statute
is on the petitioner rather than the State. 
McCarroll, 86 S.W.3d at 378. 
The petitioner is entitled to expunction only when all of the statutory
conditions have been met.  Id.; Quertermous,
52 S.W.3d at 864.

Article 55.01(a) provides
that a petitioner is entitled to expunction when

(1)
the person is tried for the offense for which the person was arrested and is:

 








(A)
acquitted by the trial court, except as provided in Subsection (c) of this
section; or

 

(B)
convicted and subsequently pardoned; or

 

(2)
each of the following conditions exist:

 

(A)
an indictment or information charging the person with commission of a felony
has not been presented against the person for an offense arising out of the
transaction for which the person was arrested or, if an indictment or
information charging the person with commission of a felony was presented, the
indictment or information has been dismissed or quashed, and;

 

(i)
the limitations period expired before the date on which a petition for
expunction was filed under Article 55.02; or

 

(ii)
the court finds that the indictment or information was dismissed or quashed
because the presentment had been made because of mistake, false information, or
other similar reason indicating absence of probable cause at the time of the
dismissal to believe the person committed the offense or because it was void;

 

(B)
the person has been released and the charge, if any, has not resulted in a
final conviction and is no longer pending and there was no court ordered
community supervision under Article 42.12; and

 

(C)
the person has not been convicted of a felony in the five years preceding the
date of the arrest.

 

Tex. Code Crim. Proc.
Ann. art. 55.01(a)(1), (2). 

Denial of Appellant=s Request for Expunction








In his second issue,
appellant argues that the trial court erred by denying his motion for
expunction.  The State, however, argues
that expunction is prohibited under article 55.01(c), which provides that the
trial court may not expunge an arrest or charged offense, even if it resulted
in an acquittal, if the offense arose out of one criminal episode, and the
defendant was convicted of or remains subject to prosecution for at least one
other offense occurring during the same criminal episode.[2]  Tex.
Code Crim. Proc. Ann. art. 55.01(c); Addicks v. State, No.
03-06-00114-CV, 2007 WL 844872, at *2 (Tex. App.CAustin Mar. 21, 2007, no pet.) (mem. op., not designated for
publication).  








Here, appellant was arrested
for, but not charged with, kidnaping.  In
his subsequent trial for burglary with the intent to commit kidnaping, which
was one count in the indictment, the jury found appellant not guilty of that
offense and instead convicted him for the offense of aggravated assault with a
deadly weapon.  Because the kidnaping
arrest, the subsequent charge of burglary with intent to commit kidnaping, and
the conviction for the offense of aggravated assault with a deadly weapon arose
from the same facts and thus the same criminal episode, article 55.01(c) bars
an expunction under these circumstances.  See Tex.
Code Crim. Proc. Ann. art. 55.01(c); Addicks, 2007 WL 844872, at
*2.  Because appellant did not meet his
burden to show that he is entitled to an expunction under article 55.01, the
trial court did not abuse its discretion in refusing his request for an
expunction.  See Tex. Code Crim. Proc. Ann. art.
55.01(c).  We overrule appellant=s second issue. 

Failure to Hold a Hearing on
Appellant=s Motion for
Expunction

In his first issue, appellant
argues that the trial court erred in failing to hold a hearing on his petition
for expunction.  The trial court is
required to set a hearing on a petition for expunction.  Tex.
Code Crim. Proc. Ann. art. 55.02(2)(c) (Vernon Supp. 2007); McCarroll,
86 S.W.3d at 378.  However, such a
hearing does not necessarily have to be an oral hearing.  Wilson, 224 S.W.3d at 863; Ex Parte
Current, 877 S.W.2d 833, 839 (Tex. App.CWaco 1994, no writ); Addicks, 2007 WL 844872, at *1; cf.
Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr., 754 S.W.2d 152, 153 (Tex. 1988)
(stating that unless required by the express language or context of particular
rule of civil procedure, the term Ahearing@ does not
necessarily contemplate either a personal appearance before the court or an
oral presentation to the court).  If all
of the facts necessary to determine the issues in an expunction hearing are
available to the trial courtCfor example, in the pleadings, affidavits, or judicially noticeable
recordCan oral hearing is not mandatory. 
See McCarroll, 86 S.W.3d at 378; Current, 877 S.W.2d at
839B40; Addicks, 2007 WL 844872, at *1. 








In his petition for
expunction, appellant alleges that he was arrested for kidnaping, charged with
burglary of a habitation with the intent to commit kidnaping, but convicted
only of aggravated assault with a deadly weapon.  Thus, appellant claims he was acquitted of
burglary with the intent to commit kidnaping and, therefore, entitled to have
the arrest and indictment regarding the kidnaping-related offense expunged.  However, appellant sought an expunction based
on these facts alone; he did not allege any facts that needed to be developed
by an evidentiary hearing.  Because
article 55.01(c) bars expunction of the kidnaping arrest and burglary with
intent to commit kidnaping charge on the facts as alleged by appellant in his
own petition, the trial court had before it all it needed to evaluate whether
appellant=s petition
presented any grounds for expunction.[3]  Appellant does not present any reason why an
oral, evidentiary hearing was necessary. 
Accordingly, the trial court, under these circumstances, was not
required to hold an oral, evidentiary hearing. 
See Current, 877 S.W.2d at 839B40; Addicks, 2007 WL 844872, at *2.  We overrule appellant=s first issue.

 








                                                    

 

Conclusion

Having overruled appellant=s two issues, we affirm the trial court=s judgment.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

DELIVERED: May 1, 2008











[1]See Tex. R. App. P. 47.4.





[2]ACriminal
episode@ is
defined as the commission of two or more offenses Acommitted
pursuant to the same transaction or pursuant to two or more transactions that
are connected or constitute a common scheme or plan; or the offenses are the
repeated commission of the same or similar offenses.@  Tex.
Penal Code Ann. '
3.01(1), (2) (Vernon 2003). 





[3]Appellant=s
petition did not raise any ground, such as a pardon, that would require the
development of facts beyond those already in front of the trial court.