# NO. 12-10-00281-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 115TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *JESSICA LYNN HILL* | § | *UPSHUR COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

This is an appeal from an order of expunction. In two issues, Appellant, Texas Department of Public Safety, contends that Appellee, Jessica Lynn Hill, was not entitled to an expunction order because she had entered a plea of guilty and served a term of community supervision for the offense she sought to have expunged. We reverse and render.

## BACKGROUND

On December 31, 2007, Jessica Lynn Hill was arrested for misdemeanor possession of marijuana. She pleaded guilty to the offense. The trial court, however, deferred a finding of guilt and placed Hill on community supervision for twelve months. A month before the termination of the twelve month period of community supervision, the district attorney filed a motion for early termination of Hill's community supervision and asked the court to allow her to withdraw her plea of guilty. The trial court granted the motion.

On August 21, 2009, Hill filed her petition for expunction. The Department of Public Safety filed its answer in opposition to Hill's petition. In its answer, the Department contended that Hill's request should be denied, because she had pleaded guilty to the offense and had received deferred adjudication under Texas Code of Criminal Procedure, Article 42.12, Section 5(a). Therefore, the expunction of the records of her arrest and conviction was barred by statute.

At the hearing on Hill's motion, the district attorney noted that Hill could not satisfy the requirements for expunction under the Code of Criminal Procedure. He also called the trial court's attention to the Department's answer objecting to expunction. Nevertheless, he asked the court to grant the expunction. The trial court granted the expunction and the Department appealed.

### EXPUNCTION

In two issues, the Department contends that the trial court erroneously granted Hill's petition for expunction.

## Standard of Review

We review a trial court's ruling on a petition for expunction under the abuse of discretion standard. *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.–Austin 2002, pet. denied). A trial court abuses its discretion if it acts without reference to guiding rules or principles or if its actions are arbitrary and unreasonable. *Downer v. Aquamarine Operators*, 701 S.W.2d 238, 241-42 (Tex. 1985). We review a trial court's factual findings for sufficiency of the evidence, using the same standards that are applied in reviewing the evidence to support a jury's finding. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). Where, as here, the trial court makes no separate finding of facts, we will draw every reasonable inference that is supported by the record in favor of the trial court's judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). A trial court's legal conclusions are reviewed de novo. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

## Applicable Law

An expunction proceeding is civil rather than criminal in nature, although the expunction statute is located in the Texas Code of Criminal Procedure. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.–Houston [14th Dist.] 2008, no pet.). Expunction is neither a constitutional nor a common law right, but a statutory privilege. *McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex. App.–Fort Worth 2002, no pet.). The petitioner has the burden of proving that all the statutory requisites have been satisfied. *Id.* The trial court must strictly comply with the statutory requirements, and has no equitable power to extend the protections of the expunction statute beyond its stated provisions. *Harris County Dist.*

***Attorney's Office v. M.G.G.***, 866 S.W.2d 796, 798 (Tex. App.–Houston [14th Dist.] 1993, no writ).

In this case, Hill sought expunction under Article 55.01(a)(2) of the Texas Code of Criminal Procedure. This article provides, in relevant part, that a person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if

> (2) each of the following conditions exist:
>
> (A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested . . . ;
>
> (B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending *and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor*; and
>
> (C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (Vernon Supp. 2010) (emphasis added).

## Discussion

Hill is entitled to expunction only if she establishes, among other conditions, that she did not receive court-ordered community supervision under Texas Code of Criminal Procedure, Article 42.12. It is undisputed that Hill entered a plea of guilty to the marijuana charge, and that the trial court deferred adjudication and placed her on community supervision for twelve months. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a) (Vernon Supp. 2010). Therefore, Hill cannot satisfy the statutory requirements that would entitle her to expunction. Before filing her petition for expunction, Hill had obtained a discharge of her community supervision under Texas Code of Criminal Procedure, Article 20(a), the accusation against her had been dismissed, she had been discharged, and she had been allowed to withdraw her plea of guilty. This, however, did not alter her ineligibility to have the record of her arrest and plea expunged. An order granting a discharge under Article 42.12, Section 20(a) does not override the provision of Article 55.01 barring expunction of an offense for which the court had ordered community supervision. ***J.H.J.***, 274 S.W.3d at 808-09 (holding that "a person's release from the 'penalties and disabilities' of a criminal offense does not entitle that person to expunction, which is a civil

3

privilege granted to eligible citizens"). Despite her discharge under Article 42.12, Section 20(a), Hill remains ineligible to obtain expunction.

We sustain the Department's first issue. Because this issue is dispositive, we need not address the Department's remaining issue. *See* TEX. R. APP. P. 47.1.

<u>DISPOSITION</u>

We *reverse* the judgment of the trial court and *render* judgment denying expunction.

<u>**BILL BASS**</u>
Justice

Opinion delivered May 25, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)

4