NO. 12-10-00281-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

EX PARTE:                                                   §                      APPEAL
FROM THE 115TH

                                                                        

                                                                        §                      JUDICIAL
DISTRICT COURT 

 

JESSICA LYNN HILL                                 §                      UPSHUR
COUNTY, TEXAS







MEMORANDUM
OPINION

            This
is an appeal from an order of expunction.  In two issues, Appellant, Texas Department
of Public Safety, contends that Appellee, Jessica Lynn Hill, was not entitled
to an expunction order because she had entered a plea of guilty and served a
term of community supervision for the offense she sought to have expunged.  We
reverse and render.

 

Background

            On
December 31, 2007, Jessica Lynn Hill was arrested for misdemeanor possession of
marijuana.  She pleaded guilty to the offense.  The trial court, however,
deferred a finding of guilt and placed Hill on community supervision for twelve
months.  A month before the termination of the twelve month period of community
supervision, the district attorney filed a motion for early termination of Hill’s
community supervision and asked the court to allow her to withdraw her plea of
guilty.  The trial court granted the motion.

            On
August 21, 2009, Hill filed her petition for expunction.  The Department of
Public Safety filed its answer in opposition to Hill’s petition.  In its
answer, the Department contended that Hill’s request should be denied, because
she had pleaded guilty to the offense and had received deferred adjudication
under Texas Code of Criminal Procedure, Article 42.12, Section 5(a). 
Therefore, the expunction of the records of her arrest and conviction was
barred by statute.

            At
the hearing on Hill’s motion, the district attorney noted that Hill could not
satisfy the requirements for expunction under the Code of Criminal Procedure. 
He also called the trial court’s attention to the Department’s answer objecting
to expunction.  Nevertheless, he asked the court to grant the expunction.  The
trial court granted the expunction and the Department appealed.

 

Expunction

            In two issues, the
Department contends that the trial court erroneously granted Hill’s petition
for expunction.

Standard
of Review

            We
review a trial court’s ruling on a petition for expunction under the abuse of
discretion standard.  Heine v. Tex. Dep’t of Pub. Safety, 92
S.W.3d 642, 646 (Tex. App.–Austin 2002, pet. denied).  A trial court abuses its
discretion if it acts without reference to guiding rules or principles or if its
actions are arbitrary and unreasonable.  Downer v. Aquamarine Operators,
701 S.W.2d 238, 241-42 (Tex. 1985).  We review a trial court’s factual findings
for sufficiency of the evidence, using the same standards that are applied in
reviewing the evidence to support a jury’s finding.  Catalina v. Blasdel,
881 S.W.2d 295, 297 (Tex. 1994).  Where, as here, the trial court makes no
separate finding of facts, we will draw every reasonable inference that is
supported by the record in favor of the trial court’s judgment.  Worford
v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990).  A trial court’s legal
conclusions are reviewed de novo.  BMC Software Belg., N.V. v. Marchand,
83 S.W.3d 789, 794 (Tex. 2002).

Applicable
Law

            An
expunction proceeding is civil rather than criminal in nature, although the
expunction statute is located in the Texas Code of Criminal Procedure.  Tex.
Dep’t of Pub. Safety v. J.H.J., 274 S.W.3d 803, 806 (Tex. App.–Houston
[14th Dist.] 2008, no pet.).  Expunction is neither a constitutional nor a
common law right, but a statutory privilege.  McCarroll v. Tex. Dep’t of
Pub. Safety, 86 S.W.3d 376, 378 (Tex. App.–Fort Worth 2002, no pet.). 
The petitioner has the burden of proving that all the statutory requisites have
been satisfied.  Id.  The trial court must strictly comply with
the statutory requirements, and has no equitable power to extend the
protections of the expunction statute beyond its stated provisions.  Harris
County Dist. Attorney’s Office v. M.G.G., 866 S.W.2d 796, 798 (Tex.
App.–Houston [14th Dist.] 1993, no writ).

            In
this case, Hill sought expunction under Article 55.01(a)(2) of the Texas Code
of Criminal Procedure.  This article provides, in relevant part, that a person
who has been placed under a custodial or noncustodial arrest for commission of
either a felony or misdemeanor is entitled to have all records and files
relating to the arrest expunged if 

 

(2)  each of the following conditions exist:

 

                (A) an indictment or information
charging the person with commission of a felony has not been presented against
the person for an offense arising out of the transaction for which the person
was arrested . . . ;

 

                (B) the person has been released and
the charge, if any, has not resulted in a final conviction and is no longer
pending and there was no court ordered community supervision under Article
42.12 for any offense other than a Class C misdemeanor; and 

 

                (C) the person has not been convicted
of a felony in the five years preceding the date of the arrest.

 

Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)
(Vernon Supp. 2010) (emphasis added).

Discussion

            Hill
is entitled to expunction only if she establishes, among other conditions, that
she did not receive court-ordered community supervision under Texas Code of
Criminal Procedure, Article 42.12.  It is undisputed that Hill entered a plea of
guilty to the marijuana charge, and that the trial court deferred adjudication
and placed her on community supervision for twelve months.  See Tex. Code Crim. Proc. Ann. art. 42.12 §
5(a) (Vernon Supp. 2010).  Therefore, Hill cannot satisfy the statutory
requirements that would entitle her to expunction.  Before filing her petition
for expunction, Hill had obtained a discharge of her community supervision
under Texas Code of Criminal Procedure, Article 20(a), the accusation against
her had been dismissed, she had been discharged, and she had been allowed to
withdraw her plea of guilty.   This, however, did not alter her ineligibility
to have the record of her arrest and plea expunged.  An order granting a
discharge under Article 42.12, Section 20(a) does not override the provision of
Article 55.01 barring expunction of an offense for which the court had ordered
community supervision.  J.H.J., 274 S.W.3d at 808-09 (holding
that “a person’s release from the ‘penalties and disabilities’ of a criminal
offense does not entitle that person to expunction, which is a civil privilege
granted to eligible citizens”).  Despite her discharge under Article 42.12, Section
20(a), Hill  remains ineligible to obtain expunction.

            We
sustain the Department’s first issue.  Because this issue is dispositive, we
need not address the Department’s remaining issue.  See Tex. R. App. P. 47.1.

 

Disposition

                We reverse
the judgment of the trial court and render judgment denying
expunction.

 

                                                                                    BILL
BASS

                                                                                         
Justice

 

 

 

Opinion delivered May 25, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Bass, Retired J., Twelfth Court of Appeals,

sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)