**Opinion filed December 21, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-11-00008-CV

_____

## EX PARTE CHAD FENLEY DAVIS

**On Appeal from the 361st District Court**

**Brazos County, Texas**

**Trial Court Cause No. 06-001619-CV-361**

## M E M O R A N D U M   O P I N I O N

Chad Fenley Davis filed a petition in the trial court seeking the expunction of all records relating to a 1993 charge for unlawfully carrying a weapon. *See* TEX. CODE CRIM. PROC. ANN. arts. 55.01, 55.02 (West Supp. 2012) (relating to expunction). The trial court denied Davis's petition. Davis appeals, asserting in a single issue that the trial court abused its discretion in denying the petition for expunction. We affirm.

The petitioner in an expunction proceeding has the burden of proving that the statutory requirements are met. *Harris Cnty. Dist. Attorney's Office v. Hopson*, 880 S.W.2d 1, 3–4 (Tex. App.—Houston [14th Dist.] 1994, no writ). The trial court's ruling on an expunction is reviewed on appeal under an abuse of discretion standard of review. *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied).

The legislature intended for Article 55.01 to permit the expunction of records of wrongful arrests. *Harris Cnty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991). Article 55.01(a) provides that a person who was placed under arrest for the commission of a felony or a misdemeanor is entitled to have all records relating to that arrest expunged if the person has been acquitted, pardoned, or:

> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor . . . .

Davis first asserted in his petition that he was entitled to expunction because he had been acquitted, but he amended his petition to reflect that he had been tried and received "Deferred Adjudication 6 month/Completed." Davis's petition was not verified as required by Article 55.02, section 2(b). Because Davis did not satisfy the statutory requirements for expunction, the trial court did not abuse its discretion in denying his expunction. *Ex parte Jones*, No. 10-10-00376-CV, 2011 WL 653182 (Tex. App.—Waco Feb. 23, 2011, no pet.).

Moreover, the record in this case shows that, with respect to the charge that Davis seeks to expunge, a court had entered an order deferring further proceedings and placing Davis on community supervision. Thus, Davis was not tried and either acquitted or pardoned as provided for in Article 55.01(a)(1). Nor was he released without receiving court-ordered community supervision as provided for in Article 55.01(a)(2). *See J.T.S.*, 807 S.W.2d at 574; *Tex. Dep't of Pub. Safety v. Moran*, 949 S.W.2d 523, 526–27 (Tex. App.—San Antonio 1997, no writ). Because Davis did not meet the requirements of Article 55.01(a), he was not entitled to have his records expunged.

In his brief, Davis also complains that the order placing him on community supervision is void and that the trial court erred in failing to hold a hearing prior to denying Davis's petition for expunction. The record shows that the trial court in this case did not hold a hearing as required by Article 55.02, section 2(c) but, instead, "considered the petition filed in this case, the State's response, and the evidence on file." In a similar case in which the petitioner attempted to argue that a judgment was void, the Amarillo court held that he was not entitled to expunction and that a hearing was unnecessary. *Davis v. Tex. Dep't of Pub. Safety*, No. 07-07-0053-CV, 2007 WL 2693838 (Tex. App.—Amarillo Sept. 14, 2007, no pet.).

Furthermore, the trial court's error, if any, in failing to hold a hearing in this case does not constitute reversible error. *See* TEX. R. APP. P. 44.1; *McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.). In his petition, Davis stated that he was tried and received deferred adjudication for the offense at issue, and a certified copy of the court's order deferring the adjudication of Davis's guilt and placing him on community supervision was attached to the State's response. In his brief on appeal, Davis states that he pleaded guilty in the underlying cause, that the court deferred further proceedings without entering a finding as to guilt, and that the court ordered Davis to serve probation for a term of six months. Having received court-ordered community supervision, Davis is not entitled to an expunction. Therefore, the lack of a hearing in this case did not "probably cause[] the rendition of an improper judgment" or "probably prevent[] the appellant from properly presenting the case to the court of appeals." Rule 44.1; *see McCarroll*, 86 S.W.3d at 378.

We hold that the trial court did not abuse its discretion in denying Davis's petition for expunction. Davis's sole issue is overruled.

The order of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


December 21, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.