Opinion filed December 21,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00008-CV

                                                    __________

 

                                EX
PARTE CHAD FENLEY DAVIS



 

                                   On
Appeal from the 361st District Court

 

                                                           Brazos
County, Texas

 

                                           Trial Court
Cause No. 06-001619-CV-361

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Chad
Fenley Davis filed a petition in the trial court seeking the expunction of all
records relating to a 1993 charge for unlawfully carrying a weapon.  See
Tex. Code Crim. Proc. Ann. arts.
55.01, 55.02 (West Supp. 2012) (relating to expunction).  The trial court
denied Davis’s petition.  Davis appeals, asserting in a single issue that the
trial court abused its discretion in denying the petition for expunction.  We
affirm.

The
petitioner in an expunction proceeding has the burden of proving that the
statutory requirements are met.  Harris Cnty. Dist. Attorney’s Office v.
Hopson, 880 S.W.2d 1, 3–4 (Tex. App.—Houston [14th Dist.] 1994, no writ).  The
trial court’s ruling on an expunction is reviewed on appeal under an abuse of
discretion standard of review.  Heine v. Tex. Dep’t of Pub. Safety, 92
S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied).

The
legislature intended for Article 55.01 to permit the expunction of records of
wrongful arrests.  Harris Cnty. Dist. Attorney’s Office v. J.T.S., 807
S.W.2d 572, 574 (Tex. 1991).  Article 55.01(a) provides that a person who was
placed under arrest for the commission of a felony or a misdemeanor is entitled
to have all records relating to that arrest expunged if the person has been
acquitted, pardoned, or:

(2)
the person has been released and the charge, if any, has not resulted in a
final conviction and is no longer pending and there was no court-ordered
community supervision under Article 42.12 for the offense, unless the offense
is a Class C misdemeanor . . . .

 

Davis
first asserted in his petition that he was entitled to expunction because he had
been acquitted, but he amended his petition to reflect that he had been tried
and received “Deferred Adjudication 6 month/Completed.”  Davis’s petition was
not verified as required by Article 55.02, section 2(b).  Because Davis did not
satisfy the statutory requirements for expunction, the trial court did not
abuse its discretion in denying his expunction.  Ex parte Jones, No.
10-10-00376-CV, 2011 WL 653182 (Tex. App.—Waco Feb. 23, 2011, no pet.).

Moreover,
the record in this case shows that, with respect to the charge that Davis seeks
to expunge, a court had entered an order deferring further proceedings and
placing Davis on community supervision.  Thus, Davis was not tried and either
acquitted or pardoned as provided for in Article 55.01(a)(1).  Nor was he
released without receiving court-ordered community supervision as provided for
in Article 55.01(a)(2).  See J.T.S., 807 S.W.2d at 574; Tex. Dep’t of
Pub. Safety v. Moran, 949 S.W.2d 523, 526–27 (Tex. App.—San Antonio 1997,
no writ).  Because Davis did not meet the requirements of Article 55.01(a), he
was not entitled to have his records expunged.  

In
his brief, Davis also complains that the order placing him on community
supervision is void and that the trial court erred in failing to hold a hearing
prior to denying Davis’s petition for expunction.  The record shows that the
trial court in this case did not hold a hearing as required by Article 55.02,
section 2(c) but, instead, “considered the petition filed in this case, the
State’s response, and the evidence on file.”  In a similar case in which the
petitioner attempted to argue that a judgment was void, the Amarillo court held
that he was not entitled to expunction and that a hearing was unnecessary.  Davis
v. Tex. Dep’t of Pub. Safety, No. 07-07-0053-CV, 2007 WL 2693838 (Tex.
App.—Amarillo Sept. 14, 2007, no pet.).

Furthermore,
the trial court’s error, if any, in failing to hold a hearing in this case does
not constitute reversible error.  See Tex.
R. App. P. 44.1; McCarroll v. Tex. Dep’t of Pub. Safety, 86
S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.).  In his petition, Davis
stated that he was tried and received deferred adjudication for the offense at
issue, and a certified copy of the court’s order deferring the adjudication of
Davis’s guilt and placing him on community supervision was attached to the
State’s response.  In his brief on appeal, Davis states that he pleaded guilty in
the underlying cause, that the court deferred further proceedings without
entering a finding as to guilt, and that the court ordered Davis to serve
probation for a term of six months.  Having received court-ordered community
supervision, Davis is not entitled to an expunction.  Therefore, the lack of a
hearing in this case did not “probably cause[] the rendition of an improper
judgment” or “probably prevent[] the appellant from properly presenting the
case to the court of appeals.”  Rule 44.1; see McCarroll, 86 S.W.3d at
378.  

We
hold that the trial court did not abuse its discretion in denying Davis’s petition
for expunction.  Davis’s sole issue is overruled.  

The
order of the trial court is affirmed.  

 

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

 

December 21,
2012

Panel consists of: Wright, C.J.,

McCall, J., and Willson, J.