# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00034-CV

**The State of Texas, Appellant**

**v.**

**J. B. C., Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
NO. 13-0700-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

The State of Texas appeals from the district court's order of expunction regarding records pertaining to a burglary investigation. The State contends that the expunction was erroneous because J.B.C. was involved in juvenile proceedings and the criminal procedure code's expunction process is inapplicable to juvenile proceedings. We reverse and render judgment denying appellee J.B.C. expunction of his records under the penal code.

Appellee sought expunction of all records and files relating to a burglary investigation under Texas Code of Criminal Procedure article 55.01(a)(2)(A). The statutory right to seek an expunction is available only when all statutory conditions have been met. *Texas Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 674 (Tex. App.—Austin 2010, no pet.). Courts have no power to extend equitable relief beyond the clear meaning of the expunction statute. *Travis Cnty. Dist. Att'y. v. M.M.*, 354 S.W.3d 920, 923 (Tex. App.—Austin 2011, no pet.). The burden of proving compliance with

the statutory requirements rests with the petitioner in this civil proceeding. *Id.* Expunction is available to "[a] person who has been placed under a custodial or noncustodial arrest . . . ." Tex. Code Crim. Proc. art. 55.01(a).

The State argued, as it does on appeal, that the expunction process is generally unavailable to juveniles because they are not "arrested," as required to gain relief under the expunction statute. Juveniles are "taken into custody," *see* Tex. Fam. Code § 52.01(a), and "[t]he taking of a child into custody is not an arrest except for the purpose of determining the validity of taking him into custody or the validity of a search . . . ." *Id.* § 52.01(b).[1]

Appellee argued at trial[2] that the definition of "arrest" is broad and uncertain and should include his submission to Williamson County Juvenile Services. But that argument does not overcome the explicit limitation of the term "arrest" as it is applied to juveniles. *See id.* Appellee did not argue or show that he was in any way transferred to the adult criminal justice system. Because appellant showed only that he submitted himself to juvenile authorities—an act statutorily excluded from the term "arrest," *see id.*—he did not show himself entitled to the expunction processes available to those who have been arrested. *See Quertermous v. State*, 52 S.W.3d 862, 864 (Tex. App.—Fort Worth 2001, no pet.).

We conclude that appellee did not allege or prove facts that satisfied the terms of the expunction statute with respect to his juvenile record because he did not show that he was arrested in connection with the juvenile proceedings whose records he sought to have expunged. *See*

---

[1] Juvenile courts can waive jurisdiction, resulting in the person being treated as an adult and the case being transferred into the criminal justice system. Tex. Fam. Code § 54.02(h).

[2] Appellee did not file a brief on appeal.

Tex. Fam. Code § 52.01(b); *see also Quertermous*, 52 S.W.3d at 864. Whether he is entitled to have the records of his juvenile case sealed is beyond the scope of this case and this opinion. *See* Tex. Fam. Code § 58.003.

We reverse the trial-court judgment and render judgment that appellee take nothing by his application.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Reversed and Rendered

Filed:   August 13, 2014

3