**Affirmed and Opinion filed December 8, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00846-CV

## EX PARTE JARED SCOTT ENGER

**On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 15-CV-0307**

## O P I N I O N

This appeal arises from the trial court's order denying J.S.E.'s petition for expunction. Appellant contends the trial court erred in construing section 52.01(b) of the Texas Family Code and article 55.01 of the Texas Code of Criminal Procedure to exclude an adult with a juvenile detention record from the remedy of expunction. *See* Tex. Fam. Code Ann. § 52.01(b) (West 2014); Tex. Code Crim. Proc. Ann. art. 55.01 (West Supp. 2016).[1] Further, appellant contends section 52.01 and article 55.01, as applied to him,

---

[1] Because it is applicable to the case at bar, we refer to that version of the statute effective until January 1, 2017.

violate his right to equal protection. *See* U.S. Const. amend. XIV, § 1. For the reasons stated below, we affirm.

Expunction is a statutory privilege, not a constitutional or common-law right. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—-Houston [14th Dist.] 2008, no pet.). Because an expunction proceeding is civil rather than criminal in nature, the petitioner bears the burden to prove all statutory requirements have been satisfied. *Id.* A petitioner is entitled to expunction only after all statutory conditions have been met. *Id.* The trial court has no equitable power to extend the protections of the expunction statute beyond its stated provisions. *Id.* We review the trial court's decision to deny a petition for expunction for abuse of discretion. *See Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied).

The record reflects that at the age of sixteen, appellant was detained at school for possession of a simulated controlled substance. In exchange for appellant's removal from the school, "the matter was dropped." As an adult, a background check and social study report revealed documents regarding the detention.[2] Appellant then petitioned for expunction of those records.

We "construe a statute according to its plain language, unless the language is ambiguous or the interpretation would lead to absurd results that the legislature could not have intended." *Williams v. State*, 253 S.W.3d 673, 677 (Tex. Crim. App. 2008). Article 55.01(a) provides "[a] person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if . . ." Tex. Code Crim. Proc. art. 55.01(a). Thus an arrest is a threshold requirement under the expunction statute. *Quertermous v. State*, 52 S.W.3d 862 (Tex. App.—Fort Worth 2001, no pet.) (citing *Harris Cty Dist. Attorney v. Lacafta*, 965 S.W.2d 568, 570 (Tex. App.—Houston [14th Dist.] 1997, no pet.)). Pursuant to section 52.01(b) of the Texas Family Code, however, "[t]he taking of a child

---

[2] The record indicates no request to seal the records was ever made. *See* Tex. Fam. Code Ann. § 58.003(d) (West 2006).

into custody is not an arrest except for the purpose of determining the validity of taking him into custody or the validity of a search . . ." Tex. Fam. Code § 52.01(b); *see also Quertermous*, 52 S.W.3d at 864 (citing *Vasquez v. State*, 739 S.W.2d 37, 42 (Tex. Crim. App. 1987)). A juvenile is not "arrested" until the juvenile court certifies him as an adult and signs a proper transfer order to district court. Tex. Fam. Code Ann. § 54.02(h) (West 2006); *see also Quertermous*, 52 S.W.3d at 864 (citing *Vasquez*, 739 S.W.2d at 43). It is the transfer of custody that constitutes an arrest. Tex. Fam. Code § 54.02(h); *see also Quertermous*, 52 S.W.3d at 864. Accordingly, for purposes of the expunction statute, appellant was never arrested.[3] *See id.*; *see also State v. J.B.C.*, 03-14-00034-CV, 2014 WL 4064412 (Tex. App.—Austin Aug. 13, 2014, no pet.) (mem. op.) (not designated for publication). Because appellant did not prove all statutory requirements were satisfied, we hold the trial court did not abuse its discretion in denying his petition for expunction. Appellant's first issue is overruled.

Appellant further claims that depriving him of the expunction remedy violates his right to equal protection. U.S. Const. amend. XIV, § 1. Appellant's argument, however, is that he is not being treated the same as people who were arrested when they were adults, not that he is being treated differently from others who were detained as juveniles. Because appellant is not claiming that people similarly situated to him are treated differently under the law, there is no equal protection violation. *See Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000) (holding no equal protection violation from Legislature's decision to treat capital murder defendants differently from other murder defendants). We overrule appellant's second issue.

---

[3] In light of the unambiguous language of the statute, we do not address appellant's arguments regarding the purpose of the statute or legislative intent. *See Tapps v. State*, 294 S.W.3d 175, 177 (Tex. Crim. App. 2009) (holding that a court may stray from applying the literal language, and resort to such extra-textual factors as legislative history, intent, or purpose only when the application of the statute's plain language would lead to absurd consequences that the Legislature could not possibly have intended).

The order of the trial court is affirmed.


/s/     John Donovan
          Justice


Panel consists of Justices Busby, Donovan and Brown.