

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00304-CV

_____

EX PARTE D.K.

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. D213-E-16934-20

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

## I. Introduction

Appellant D.K., appearing pro se, appeals from the trial court's expunction order. Appellant argues that the trial court abused its discretion by denying her a hearing and by granting only a partial expunction because the expunction order drafted by the State allegedly omitted two respondents—the Federal Bureau of Investigation and Local News Only. We hold that the trial court followed the statutory directives for notifying the FBI to return all records and files subject to the expunction order. As to the expunction order's omission of Local News Only, the State concedes, and we hold that the expunction statute mandates that, under the facts presented here, Appellant should have been granted a hearing to determine whether Local News Only is an agency that should have been included as a respondent in the expunction order. Appellant's remaining arguments, which raise claims of discrimination and ineffective assistance of counsel, are not relevant to establish the statutory bases for expunction. Based on these holdings, we affirm the trial court's expunction order except with respect to its failure to hold a hearing on the unchallenged request that Local News Only be included in the expunction order; as to that issue only, we reverse and remand for the trial court to hold a hearing solely to determine whether Local News Only should be included among the respondents listed in the expunction order.

## II. Background

In 2017, Appellant was arrested in Grapevine and charged with the offense of criminal trespass. Appellant's charge was quashed or dismissed because she completed a pretrial intervention program authorized by Texas Government Code Section 76.011. *See* Tex. Gov't Code Ann. §§ 76.001(4), 76.011.

In 2020, Appellant filed a petition for expunction of her criminal records. Later that same year, Appellant filed an amended petition for expunction in which she listed law enforcement agencies and public entities that she had reason to believe had files or records related to her arrest and that were subject to expunction. Among the agencies and entities that she listed, Appellant included the FBI and Local News Only. The record does not contain an answer filed by the State.[1]

The trial court set a pretrial conference for October 29, 2020, but before that conference could occur, the trial court signed an order granting the expunction on September 10, 2020. The order sets forth a chart listing the respondents, but that chart does not list Local News Only or the FBI. However, the paragraph following the chart listing the respondents sets forth the following related to the FBI:

> PETITIONER HAS REASON TO BELIEVE THAT BY INPUT INTO THE **NATIONAL CRIME INDEX COMPUTER[,] THE FEDERAL BUREAU OF INVESTIGATION** MAY HAVE STORED INFORMATION CONCERNING THE ARREST FOR WHICH THIS PETITION IS BEING BROUGHT. WHILE THESE FEDERAL AGENCIES ARE NOT "RESPONDENTS" IN THE STATE PROCEEDINGS, PURSUANT TO TEX. CODE CRIM.

---

[1]The State's brief notes, "The State did not oppose the expunction request."

PROC. ANN. ART. 55.02, § 3(a), THE TEXAS DEPARTMENT OF PUBLIC SAFETY SHALL FORWARD THE FINAL ORDER EMANATING FROM THE STATE PROCEEDINGS TO THE FBI.

Nowhere in the expunction order is Local News Only mentioned.

Following the entry of the expunction order, Appellant perfected this appeal.

### III. Analysis

In her amended brief, Appellant does not set forth a list of numbered issues.[2] Throughout her brief, Appellant argues that the trial court abused its discretion by omitting the FBI and Local News Only from the expunction order's list of respondents and that she was denied a hearing at which she could have had the opportunity to explain how Local News Only had discriminated against her on the basis of race and sex. She also briefly notes how appointed counsel failed to provide her with effective assistance of counsel. We will address each of Appellant's arguments in turn.

#### A. Standard of Review

We have recently set forth the standard of review for expunction orders as follows:

---

[2]On multiple dates, Appellant attempted to file a reply brief but failed to serve her reply brief on the Tarrant County District Attorney's Office. We notified Appellant multiple times that she had not properly served her reply brief on the Tarrant County District Attorney's Office, and we gave her an opportunity to comply with our orders, warning that her failure to comply would result in striking her reply briefs and proceeding without a reply brief from her. Appellant did not comply, so we proceed solely on her amended brief.

> We review a trial court's expunction ruling for an abuse of discretion. [*Ex parte*] *Green*, 373 S.W.3d [111,] 113 [(Tex. App.—San Antonio 2012, no pet.)]. A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Id.* To the extent an expunction ruling turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* Thus, if a trial court misapplies or misinterprets the law, it abuses its discretion. *Id.*

*Ex parte C.A.*, No. 02-19-00434-CV, 2021 WL 832649, at *3 (Tex. App.—Fort Worth Mar. 4, 2021, no pet.) (mem. op.).

## B.     Applicable Law

The Dallas Court of Appeals has succinctly summarized the applicable law on when expunction hearings are required:

> Article 55.02 of the Texas Code of Criminal Procedure governs the procedural requirements related to an expunction of criminal records. Tex. Code Crim. Proc. [Ann.] art. 55.02. Expunction is a civil matter even though the statutory authority for it is in the code of criminal procedure. *Ex parte E.H.*, 602 S.W.3d 486, 489 (Tex. 2020) ("Although the expunction statute appears within the code of criminal procedure, an expunction proceeding is civil in nature." [(]citing *State v. T.S.N.*, 547 S.W.3d 617, 619 (Tex. 2018))[)]. "Because an expunction proceeding is civil rather than criminal in nature, the petitioner bears the burden to prove all statutory requirements have been satisfied." *Ex [p]arte Enger*, 512 S.W.3d 912, 914 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). To provide a petitioner an opportunity to meet his burden of proof, the expunction statute explicitly requires the trial court to set a hearing and to give reasonable notice to each official, agency, or government entity which was named in the petition seeking an expunction of criminal records. *See* [Tex. Code Crim. Proc. Ann. art. 55.02,] § 2(c). Section 2(c) specifically provides[,]
>
>> The court *shall* set a hearing on the matter no sooner than thirty days from the filing of the petition and shall give to each official or agency or other governmental entity named

> in the petition reasonable notice of the hearing by: (1) certified mail, return receipt requested; or (2) secure electronic mail, electronic transmission, or facsimile transmission.

*Id.* (emphasis added). When construing this provision, courts have held that an evidentiary hearing is not necessarily required if the petition seeking expunction can be decided on the paper record alone. *See Ex parte Wilson*, 224 S.W.3d 860, 863 (Tex. App.—Texarkana 2007, no pet.) ("For example, a trial court may rule on an expunction petition without conducting a formal hearing and without the consideration of live testimony, if it has at its disposal all the information it needs to resolve the issues raised by the petition. Presumably, that information might be available by what is in the pleadings, by summary[-]judgment proof, or by judicially noticing court records."[ (internal citations omitted))].

*In re Ross*, No. 05-19-00769-CV, 2020 WL 4815050, at *1 (Tex. App.—Dallas Aug. 19, 2020, no pet.) (mem. op.). Additionally, the procedures for expunging records held by a federal depository are specifically spelled out in Article 55.02:

> (c) When the order of expunction is final, the clerk of the court shall send a certified copy of the order to the Crime Records Service of the Department of Public Safety and to each official or agency or other governmental entity of this state or of any political subdivision of this state named in the order. The certified copy of the order must be sent by secure electronic mail, electronic transmission, or facsimile transmission or otherwise by certified mail, return receipt requested. In sending the order to a governmental entity named in the order, the clerk may elect to substitute hand delivery for certified mail under this subsection, but the clerk must receive a receipt for that hand-delivered order.

> (c–1) The Department of Public Safety shall notify any central federal depository of criminal records by any means, including secure electronic mail, electronic transmission, or facsimile transmission, of the order with an explanation of the effect of the order and a request that the depository, as appropriate, either:

6

(1) destroy or return to the court the records in possession of the depository that are subject to the order, including any information with respect to the order; or

(2) comply with Section 5(f) pertaining to information contained in records and files of a person entitled to expunction under Article 55.01(d).

Tex. Code Crim. Proc. Ann. art. 55.02, § 3(c), (c–1).

## C. Alleged Omission of the FBI from the Expunction Order

Appellant contends that the trial court abused its discretion by omitting the FBI from the expunction order's list of respondents. As set forth above, although the expunction order did not include the FBI among the respondents, the order included an entire paragraph directing the Texas Department of Public Safety to forward the expunction order to the FBI. The expunction order thus tracks with the expunction procedures outlined in Article 55.02, Section 3(c–1). *See id.* art. 55.02, § 3(c–1). We therefore cannot say that the trial court abused its discretion by failing to list the FBI among the expunction order's respondents when the same outcome was accomplished through another paragraph in the order. Accordingly, we overrule Appellant's argument challenging the expunction order's alleged omission of the FBI.

## D. Omission of Local News Only from the Expunction Order

Appellant's main argument on appeal is that the expunction order omits Local News Only despite her petition specifically requesting that Local News Only be included in the expunction order. Here, there is nothing in the record—no general denial or special exception—that would have alerted the trial court to the fact that the

7

State was opposed to Appellant's request that Local News Only be included in the expunction order's list of respondents. The trial court thus proceeded as if the State was not opposed to Appellant's amended petition for expunction. Without any apparent opposition from the State, the trial court implicitly concluded that an evidentiary hearing was not required because the petition seeking expunction could be decided on the paper record alone. The trial court then signed an expunction order prepared by the State.

Yet the State admits in its appellate brief that it "did not include Local News Only among the agencies and entities in the proposed order it submitted to the [d]istrict [c]ourt." The State's brief includes two footnotes with the following explanations for its purposeful omission:

> The State presented the trial court with a proposed order of expunction. The State did not style the document as a "proposed" order[] but concedes the order signed by Judge Cofer was, in fact, the order proposed by the State. While the State did not oppose the issuance of an order of expunction, it intentionally *did not* include Local News Only as an "agency" in its proposed order. The [d]istrict [c]ourt thereafter signed the State's proposed order, meaning Local News Only was not listed in the order and was not instructed to destroy or remove and return Appellant's arrest records. [Record citations omitted.]

> The State did not (and does not now) believe Local News Only is an "agency" or "entity" that is eligible to be included in [and] subject to an expunction order. But as set forth in the "Argument" section of this amended brief, on further reflection[,] the State now believes Appellant should have been given an opportunity to present evidence in the [d]istrict [c]ourt to support her claim that Local News Only should have been listed in the expunction order.

8

The State's argument reveals that although it did not file a general denial or except to Appellant's request to include Local News Only in the expunction order, the State maneuvered around this procedural default on its part by drafting an expunction order that specifically omitted that entity because it was opposed to its inclusion in the expunction order. The effect of this tactical maneuver is that the State usurped the trial court's decision-making process and thwarted Appellant's right to due process.

The State has now recognized (and we commend its candor) that Appellant was deprived of the opportunity to respond to the State's unspoken opposition to including Local News Only in the expunction order, and the State has conceded that Appellant is entitled to a hearing to present evidence to support her claim that Local News Only is an agency eligible to be included in the expunction order. We agree that the expunction statute requires a hearing under these facts. *See id.* art. 55.02, § 2(c); *cf. Ross*, 2020 WL 4815050, at \*2 (holding that trial court abused its discretion by rendering an expunction order on contested pleadings without holding a hearing); *In re C.G.*, 594 S.W.3d 708, 712–13 (Tex. App.—El Paso 2019, no pet.) (same). Accordingly, we sustain Appellant's argument related to Local News Only and hold that she is entitled to a hearing solely to determine whether Local News Only qualifies as an agency that should be added to the expunction order.

## E.    Alleged Discrimination and Ineffective Assistance Claims

Appellant's remaining arguments complain that she "was denied a hearing by the judge to explain unfair treatment and discrimination." Appellant notes in her brief that her court-appointed attorney stated that Local News Only received preferential treatment from the Tarrant County District Attorney's Office because the agency had friends at the DA's Office. Appellant argues that this constituted discrimination towards her and that she was discriminated against because of her race, color, sex, and national origin. Appellant further states that Local News Only "is owned by a white male" who solicited her police report primarily to prevent her from gaining employment by publishing derogatory information. Appellant also complains that her court-appointed attorney failed to add Local News Only to the list of respondents in the petition that he filed and that she had to correct his mistake by submitting her own pro se petition to the trial court.

Appellant's discrimination arguments appear to be based on hearsay. Additionally, she points to no place in the record, and we have found none, showing that she raised her discrimination arguments in the trial court. Appellant's discrimination arguments are therefore not preserved for appeal. *See* Tex. R. App. P. 33.1(a).

To the extent that Appellant's brief can be read as asserting an ineffective-assistance claim, that claim fails. As set forth above, expunction cases are civil cases. *See E.H.*, 602 S.W.3d at 489 (citing *T.S.N.*, 547 S.W.3d at 619). And the doctrine of

ineffective assistance does not extend to civil cases of this kind. *See Culver v. Culver*, 360 S.W.3d 526, 535 (Tex. App.—Texarkana 2011, no pet.) (op. on reh'g) ("The doctrine of ineffective assistance of counsel does not apply to civil cases where there is no constitutional or statutory right to counsel." (footnote omitted)); *see also Turner v. Rogers*, 564 U.S. 431, 441, 131 S. Ct. 2507, 2516 (2011) ("This Court has long held that the Sixth Amendment grants an indigent defendant the right to state-appointed counsel in a *criminal* case[,] . . . [b]ut the Sixth Amendment does not govern civil cases.").

Furthermore, none of Appellant's alleged evidence of discrimination and ineffective assistance of counsel is directed at facts that would be relevant to a statutory basis for expunction. *See Addicks v. State*, No. 03-06-00114-CV, 2007 WL 844872, at *1 (Tex. App.—Austin Mar. 21, 2007, no pet.) (mem. op.). Accordingly, we overrule Appellant's alleged discrimination and ineffective-assistance claims.

## F. Unique Disposition due to the Unchallenged Entities

We recognize that when an appellate court holds that the trial court should have conducted a hearing on a petition for expunction, the proper remedy is to set aside the expunction order and remand for a hearing. *See, e.g., C.G.*, 594 S.W.3d at 713. Here, however, the State does not contest the entities listed in the expunction petition, with the exception of its implicit challenge to Local News Only, which the State purposely omitted from the expunction order that it drafted. Under the facts presented here, it would not provide Appellant with any relief, much less "full and

11

effective relief" to set aside the current expunction order, which is providing her with much of the relief she requested in her amended petition. *See generally Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (stating that reversal of an entire judgment is appropriate when necessary to provide appellant with "full and effective relief"). Because the State has not challenged the entities listed in the current expunction order and because the only remaining issue is whether a single entity—Local News Only— should be added, we therefore decline to set aside the expunction order.

## IV. Conclusion

Having overruled Appellant's arguments pertaining to the order's alleged exclusion of the FBI and her discrimination and ineffective-assistance claims but having sustained Appellant's argument as to the expunction order's omission of Local News Only, we affirm the trial court's expunction order except with respect to its failure to hold a hearing on the unchallenged request that Local News Only be included in the expunction order; as to that issue only, we reverse and remand for the trial court to hold a hearing solely to determine whether Local News Only qualifies as an agency that should be added to the expunction order and, if so, to enter an amended expunction order. *See* Tex. R. App. P. 43.3(a).

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: July 29, 2021

12